1   MATTHEW D. ROSS, ESQ. (SB# 084703)
    mross@leonardcarder.com
2   JENNIFER L. MARSTON, ESQ. (SB# 250018)
    jmarston@leonardcarder.com
3   LEONARD CARDER, LLP
    1330 Broadway, Suite 1450
4   Oakland, CA 94612
    Telephone: (510) 272-0169
5   Facsimile: (510) 272-0174

6   Attorneys for Defendant
    UNITE HERE! Local 2
7
    KATHERINE C. HUIBONHOA (SB# 207648)
8   katherinehuibonhoa@paulhastings.com
    JOHN C. POST (SB# 233236)
9   johnpost@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
10  55 Second Street
    Twenty-Fourth Floor
11  San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
12  Facsimile:  (415) 856-7100

13  Attorneys for Defendant
    Bay Area Restaurant Group
14

15              UNITED STATES DISTRICT COURT

16          NORTHERN DISTRICT OF CALIFORNIA

17
    LINDA ROVAI-PICKETT,              CASE NO. _____
18
                 Plaintiff,           [Superior Court of the State of California for the
19                                    County of San Francisco, Case No. CGC 07
         vs.                          469683]
20
    HMS HOST, INC., HOTEL EMPLOYEES
21  & RESTAURANT EMPLOYEES LOCAL      **JOINT NOTICE OF REMOVAL OF CIVIL**
    #2, DOES 1 THRU 50,               **ACTION TO FEDERAL COURT**
22
                 Defendants.
23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2   NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF LINDA ROVAI-PICKETT:

3          PLEASE TAKE NOTICE THAT Defendants Bay Area Restaurant Group,[1] and

4   UNITE HERE! Local 2[2] (hereinafter referred to as "Local 2") (collectively as "Defendants"),

5   hereby remove this action from the Superior Court of the State California for the County of San

6   Francisco, Case No. CGC 07 469683, to the United States District Court for the Northern District

7   of California. This removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1367

8   and 1441(b), for the reasons stated below:

9          1.     On information and belief, on December 3, 2007, Plaintiff Linda Rovai-

10  Pickett commenced an action in the Superior Court of the State of California in San Francisco

11  County, entitled *Linda Rovai-Pickett v. HMS Host Inc., Hotel Employees & Restaurant*

12  *Employees Local #2*, as Case No. CGC-07-469683. Plaintiff served neither Defendant with the

13  original complaint. On information and belief, on February 4, 2008, Plaintiff Linda Rovai-Pickett

14  filed her First Amended Complaint in San Francisco County Superior Court. A true and correct

15  copy of the First Amended Complaint is attached as the Declaration of Matthew D. Ross[3] at

16  Exhibit A. Plaintiff was at all relevant times a member of a bargaining unit represented by Local

17  2, a labor organization under federal law, and an employee of Bay Area Restaurant Group. In her

18  First Amended Complaint, Plaintiff alleges various claims against the Defendants arising from

19  and during her employment.

20         2.     On February 25, 2008, Local 2 became aware of this action when it

21  received via U.S. Mail Plaintiff's "Complaint (First Amended)." Three days later, on February

22  28, 2008, Bay Area Restaurant Group became aware of this action when it received via U.S. Mail

23  Plaintiff's "Complaint (First Amended)." True and correct copies of the summons attached to the

24  complaints mailed to Local 2 and Bay Area Restaurant Group are attached to the Ross

25  Declaration at Exhibits B and C, respectively.

26

27  [1] Erroneously identified as "HMS Host Inc." by Plaintiff.
    [2] Erroneously identified as "Hotel Employees & Restaurant Employees Local #2" by Plaintiff.
28  [3] Hereinafter cited as "Ross Declaration."

1           3.      Through the various claims alleged in her "Complaint (First Amended),"

2 Plaintiff essentially challenges the termination of her employment from Bay Area Restaurant

3 Group as violating the Defendants' collective bargaining agreement, and she also challenges

4 Local 2's handling of the grievance she filed over the termination. (*See generally*, Plaintiff's First

5 Amended Complaint, Ross Declaration at Exhibit A). Plaintiff seeks damages from Defendants

6 and a declaration from the Court, interpreting the "just cause" and grievance provisions in the

7 collective bargaining agreement. (*See* Plaintiff's First Amended Complaint, attached to Ross

8 Declaration at Exhibit A, pages 39-42).

9           4.      Plaintiff has not served either Defendant with her First Amended

10 Complaint. Likewise, Defendants Does 1 through 50 are unnamed and unknown and, therefore,

11 have not been served. As Plaintiff never properly served the Defendants with the Summons and

12 Complaint (*see* ¶ 2 *supra*), the First Amended Complaint is the initial pleading purportedly

13 setting forth the claims for relief upon which this action is based and may be removed. Likewise,

14 because Plaintiff has yet to serve either, or any, Defendant properly with the First Amended

15 Complaint, this removal is timely-filed pursuant to 28 U.S.C. § 1446(b).

16           5.      In accordance with 28 U.S.C. § 1446(d), Defendants will, promptly after

17 filing the Notice of Removal, give written notice of the Notice of Removal to the adverse party

18 and will file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of

19 the State of California for the County of San Francisco. Copies of these Notices are attached as

20 Exhibits D and E, respectively, to the Ross Declaration. Proof of service of the Notice to

21 Superior Court Clerk of Removal of Civil Action to United States District Court and of the Notice

22 to Adverse Party of Removal Of Civil Action to United States District Court will be filed with

23 this Court immediately after the Superior Court filing is accomplished. (Ross Declaration ¶ 7.)

24 Exhibits A through E to the Ross Declaration constitute all process, pleadings, and orders in the

25 receipt of Defendants and also all process, pleadings, and orders served or in the process of being

26 served on or by Defendants in this action. (Ross Declaration ¶ 8.)

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1    **REMOVAL IS BASED ON FEDERAL QUESTION JURISDICTION**

2    6.    This Court has original jurisdiction over this entire action under 28 U.S.C.

3    § 1331 because Plaintiff's claims challenging her termination and the handling of her grievance

4    are completely preempted by, and arise exclusively under, federal labor law, specifically, Section

5    301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the federal "duty

6    of fair representation," grounded in Section 9(a) of the National Labor Relations Act ("NLRA"),

7    29 U.S.C. § 159(a). (*See also* Plaintiff's First Amended Complaint, Ross Declaration at Exhibit

8    A, page 3, lines 14-22, citing Section 301 as a jurisdictional basis for Plaintiff's duty of fair

9    representation and wrongful termination claims). Under section 301 of the Labor Management

10    Relations Act ("LMRA"), 29 U.S.C. § 185, the district courts of the United States have original

11    jurisdiction over any action brought for "violation of contracts between an employer and a labor

12    organization representing employees in an industry affecting commerce." Because this Court has

13    jurisdiction over Plaintiff's claims, Defendants may remove this action to this Court pursuant to

14    28 U.S.C. § 1441(b) and (c).

15    7.    Plaintiff's claim against Local 2 for an alleged breach of the union's "duty

16    of fair representation," and her claim against Bay Area Restaurant Group, for breach of the

17    underlying labor agreement are commonly characterized as "hybrid" LMRA § 301/duty of fair

18    representation claims. Undisputedly, such hybrid claims arise under federal law. *See* 29 U.S.C. §

19    301 (conferring federal jurisdiction over "[s]uits in violation of contracts between an employer

20    and a labor organization"); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (recognizing that claims for

21    breach of duty of fair representation are grounded in federal statutes and thus, federal law governs

22    the claim). See also: *Gardner v. International Telegraph Employees Local No. 9*, 850 F.2d 518,

23    520 (9th Cir. 1988) (explaining that "'Hybrid' suits involve allegations both that the employer

24    breached the collective bargaining agreement, and that the union breached its duty of fair

25    representation in handling the employees' grievance based on the contract breach"); *Trustees For*

26    *Alaska Laborers Construction Industry Health and Sec. Fund v. Ferrell*, 812 F.2d 512 (9th Cir.

27    1987) (same). Similarly, it is apparent on the face of Plaintiff's pleading that her claim that Bay

28    Area Restaurant Group wrongfully terminated her employment in violation of the collective

-3-

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1    bargaining agreement also arises under federal labor law. (See, e.g., Plaintiff's First Amended

2    Complaint, Ross Declaration at Exhibit A, page 3, lines 14-22, page 4, lines 19-26, alleging § 301

3    jurisdiction exists because Plaintiff's claims raise "several, substantial questions of labor law").

4    *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1060 (9th Cir. 1989) (finding that Plaintiff's

5    "wrongful discharge claim is effectively a suit for breach of the CBA [collective bargaining

6    agreement], and as such, states a claim under LMRA § 301").

7        8.    Section 301 of the LMRA completely preempts any and all purported state

8    law causes of action by an employee that are based on rights created by a collective bargaining

9    agreement or which require interpretation of a collective bargaining agreement for their

10    resolution. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of

11    a state-law claim is substantially dependent upon analysis of the terms of [a collective-bargaining]

12    agreement . . . that claim must either be treated as a § 301 claim, or dismissed as pre-empted by

13    federal labor-contract law.") (citation omitted); *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th

14    Cir. 1991) (Section 301 of the LMRA completely preempts state law claims either when those

15    claims are "founded directly on rights created by collective-bargaining agreements" or when a

16    claim based on a state law right "requires the interpretation of a collective bargaining

17    agreement").

18        9.    Where a union acts in a representative capacity — such as processing

19    grievances on behalf of its members and negotiating settlements of those grievances — it owes a

20    duty of fair representation to any employees on whose behalf it acts. *Ford Motor Co. v. Huffman*,

21    345 U.S. 330, 337 (1953). This duty, which is derived from section 9(a) of the National Labor

22    Relations Act, includes a "statutory obligation to serve the interests of all members without

23    hostility or discrimination toward any, to exercise its discretion with complete good faith and

24    honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The duty of

25    fair representation applies when a union activity is acting in its representative role. *Air Line

26    Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 77-78 (1991) (holding a union's duty of fair

27    representation applies to members in either the administration or negotiation of a CBA). Any

28    claim that a union did not carry out its duty of fair representation "allege[s] a breach by the union

-4-

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1    of a duty grounded in federal statutes, and . . . federal law therefore governs [the] cause of

2    action." *Vaca*, 386 U.S. at 177.

3          10.    Claims that are preempted by section 301 of the LMRA are treated as

4    claims arising under federal law of which this Court has original jurisdiction under 28 U.S.C.

5    section 1331. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state

6    law has been completely pre-empted, any claim purportedly based on that pre-empted state law is

7    considered, from its inception, a federal claim, and therefore arises under federal law. . . . The

8    complete pre-emption [doctrine] is applied primarily in cases raising claims pre-empted by § 301

9    of the LMRA.") (citations omitted); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463

10    U.S. 1, 23 (1983) ("[T]he pre-emptive force of § 301 is so powerful as to displace entirely any

11    state cause of action 'for violation of contracts between an employer and a labor organization.'

12    Any such suit is purely a creature of federal law, notwithstanding the fact that state law would

13    provide a cause of action in the absence of § 301.") (footnote and citations omitted); *Stikes v.*

14    *Chevron USA, Inc.*, 914 F.2d 1265, 1267 (9th Cir. 1990) (under the complete preemption

15    doctrine, "'[t]he pre-emptive force of a statute [may be] so "extraordinary" that it "converts an

16    ordinary state common-law complaint into one stating a federal claim for purposes of the well-

17    pleaded complaint rule.'" . . . Section 301 of the LMRA is an example of a statute which has such

18    a powerfully preclusive effect.") (citations omitted); *Galvez v. Kuhn*, 933 F.2d 773, 775-76 (9th

19    Cir. 1991) ("'Once an area of state law has been completely preempted, any claim purportedly

20    based on that preempted state law is considered . . . a federal claim, and therefore arises under

21    federal law.' In those instances, a claim that seemingly rests solely on state law may nonetheless

22    be removable.") (citation omitted).

23          11.    Plaintiff's claims against Bay Area Restaurant Group, nominally-titled as

24    claims for wrongful termination, negligent infliction of emotional distress and "defamation of

25    character," are preempted by LMRA § 301 because determination of these claims would require a

26    court to interpret the Defendants' collective bargaining agreement. See *IBEW v. Hechler*, 481

27    U.S. 851, 859 (1987) (holding that, "[w]hen a state-law claim is substantially dependent upon an

28    analysis of a collective bargaining agreement," such a claim is completely preempted by § 301,

1  and "a plaintiff may not evade the preemptive force of §301 of the LMRA by casting the suit as a

2  state-law claim."). See also *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988);

3  *Audette v. Pacific Maritime Assoc.*, 195 F.3d 1107, 1111 (9th Cir. 1999) (explaining that "the

4  preemptive force of [§ 301] is so extraordinary that it displaces any state law claim in the area.").

5          12.    More specifically, and by way of illustration only, Plaintiff alleges that Bay

6  Area Restaurant Group, with the assistance of Local 2, caused her to suffer emotional distress

7  when it wrongfully terminated her. (*See* Plaintiff's First Amended Complaint, Ross Declaration

8  at Exhibit A, page 6, lines 16-28). Thus, Plaintiff's emotional distress claim hinges upon proving

9  that she was wrongfully terminated in violation of the collective bargaining agreement. Similarly,

10  in her claim for defamation of character, Plaintiff alleges that Bay Area Restaurant Group

11  defamed her when it published the wrongful grounds for her termination in response to her claim

12  for unemployment benefits. (*Id.*, pages 11-12). Again, this claim requires evaluation of whether

13  Plaintiff was terminated in violation of the Defendants' collective bargaining agreement. Because

14  a court must interpret and apply the terms of the collective bargaining agreement to determine

15  whether that termination was wrongful, this claim is preempted by section 301.

16          13.    In cases such as this, where the subject matter of a claim is a subject matter

17  covered by the CBA, the claim is preempted by section 301. See, e.g., *Young v. Anthony's Fish*

18  *Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The subject matter of [plaintiff's] contract,

19  however, is . . . covered by the CBA. Because 'any independent agreement of employment . . .

20  could be effective only as part of the collective bargaining agreement,' the CBA controls and the

21  contract claim is preempted.") (citations omitted); *Bale v. Gen. Tel. Co.*, 795 F.2d 775, 779 (9th

22  Cir. 1986) (any claim for breach of an employment contract falls within the preemptive scope of

23  section 301); *Olguin*, 740 F.2d at 1474 (same); see also *Audette v. Int'l Longshoremen's &*

24  *Warehousemen's Union, Local 24*, 195 F.3d 1107, 1113 (9th Cir. 1999) (discrimination and

25  retaliation claims preempted where resolution of those claims turned on defendants' offer of a

26  legitimate nondiscriminatory reason, which required interpretation of the collective bargaining

27  agreement); *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir.) (same).

28

14.     It follows that, under the authorities cited herein, this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and (c), and removal is proper. This Court has federal question jurisdiction over each of these claims where they involve the interpretation of contracts between a labor organization and an employer, which are governed by Section 301. See e.g., *Allis-Chalmers Corp.*, 471 U.S. at 202, 215 (holding that district courts have jurisdiction over disputes requiring the interpretation of the scope of a collective bargaining agreement); *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) (holding that district courts have jurisdiction over disputes that cannot be resolved without interpreting a collective bargaining agreement), *cert. denied*, 536 U.S. 958 (2002).

### SUPPLEMENTAL JURISDICTION

15.     Defendants contend that each of Plaintiff's purported state law claims for "wrongful termination," "negligent infliction of emotional distress," "breach of contract," and "defamation of character" is preempted by Section 301 and they each involve federal questions. However, should this Court construe any of Plaintiff's claims to state a cause of action under California state law over which this Court does not have original jurisdiction, this Court nevertheless has supplemental jurisdiction over those claims because they are transactionally related to the federal law issues. 28 U.S.C. Section 1367(a). Because these claims arise from the same common nucleus of operative facts as does the claim for "unfair labor practice" and "failure to perform duty of fair representation," all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Additionally, considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court's exercising jurisdiction over Plaintiff's entire First Amended Complaint. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966); *Young*, 830 F. 2d at 996, 999 (where contract and covenant claims were preempted by § 301, court's exercise of pendent jurisdiction over plaintiff's claims for fraud, negligent misrepresentation, wrongful termination in violation of public policy, and emotional distress proper due to "the economy of hearing all claims arising out of the discharge in the same action").

## INTRA-DISTRICT ASSIGNMENT

16.    Pursuant to 28 U.S.C. § 1441(a) and Northern District Local Rule 3-2, this action is properly assigned to the Oakland Division because Defendant is informed and believes that at least some of the actions that allegedly gave rise to plaintiff's amended Complaint occurred in the City and County of San Francisco.

WHEREFORE, Defendants hereby remove the above-entitled action now pending before the Superior Court of the State of California for the County of San Francisco to this Court.

DATED:  March 26, 2008

MATTHEW D. ROSS
JENNIFER L. MARSTON
LEONARD CARDER, LLP

By: _____

MATTHEW D. ROSS

Attorneys for Defendant
UNITE HERE! LOCAL 2

DATED:  March 26, 2008

KATHERINE C. HUIBONHOA
JOHN C. POST
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____

JOHN C. POST

Attorneys for Defendant
BAY AREA RESTAURANT GROUP

LEGAL_US_W # 58462787.1

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT