ROBERT E. SHEEDER (TX Bar# 18174300)
Admitted pro hac vice
robert.sheeder@bgllp.com
1445 Ross Avenue, Suite 3800
Dallas, TX 75202
Telephone: (214) 758-1643
Facsimile: (214) 758-8340

KATHERINE C. HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
JOHN C. POST (SB#233236)
johnpost@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant
BAY AREA RESTAURANT GROUP,
(incorrectly named as HMS HOST, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA ROVAI-PICKETT,

Plaintiff,

v.

HMS HOST, INC., HOTEL EMPLOYEES & RESTAURANT EMPLOYEES LOCAL #2, DOES 1 THRU 50,

Defendants.

CASE NO. C 08-01625 MMC

**MOTION TO DISMISS AND BRIEF IN SUPPORT OF DEFENDANT BAY AREA RESTAURANT GROUP**

Date: June 27, 2008
Time: 9:00 a.m.
Judge: Hon. Maxine M. Chesney

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. STATEMENT OF THE ISSUES ..... 2

III. STATEMENT OF FACTS ..... 2

IV. ARGUMENT AND AUTHORITIES ..... 3

A. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW AND THEREFORE MUST BE DISMISSED ..... 3

1. Plaintiff's Wrongful Termination Claim Is Preempted and Therefore Must Be Dismissed ..... 4

2. Plaintiff's Claim of Negligent Infliction of Emotional Distress Is Preempted and Therefore Must Be Dismissed ..... 6

3. Plaintiff's Claims of Failure To Perform the Duty of Fair Representation and Breach of Contract Are Also Preempted By Federal Law and Must Be Dismissed ..... 7

4. This Court Lacks Jurisdiction over Plaintiff's Unfair Labor Practices Claims and Therefore Those Claims Must Be Dismissed ..... 7

5. Plaintiff's Defamation Claim Must Be Evaluated by Interpreting the CBA and Therefore Is Preempted and Must Be Dismissed ..... 8

B. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED ..... 8

C. ALTERNATIVELY, PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN GRANTED ..... 12

1. Plaintiff's Termination Was Not a Violation of Public Policy ..... 12

2. Any Alleged Defamation Was Privileged ..... 14

V. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

## CASES

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) .......... 3

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091 (9th Cir. 2002) .......... 14

*Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983) .......... 9

*Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988) .......... 14

*Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir.1986) .......... 10

*Gantt v. Sentry Ins.*, 824 P.2d 680 (1992), *overruled on other grounds, Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1054 (Cal. 1998) .......... 13

*Green v. Ralee Eng. Co.*, 960 P.2d at 1057 .......... 13

*Harris v. Alumax Prods., Inc.*, 897 F.2d 400 (9th Cir. 1990) .......... 6, 10, 11

*Hyles v. Mensing*, 849 F.2d 1213 (9th Cir. 1988) .......... 3, 15

*Kile v. N. Pac. Constr. Co.*, 827 F.2d 1363 (9th Cir. 1987) .......... 9

*Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381 (N.D. Cal. 1997) .......... 3, 4, 8

*Livitsanos v. Superior Court*, 2 Cal. 4th 747 (Cal. 1992) .......... 6

*Madison v. Motion Picture Set Painters & Sign Writers Loc. 729*, 132 F. Supp. 2d 1244 (C.D. Cal. 2000) .......... 7

*NLRB v. Weingarten, Inc.*, 420 U.S. 251 (1975) .......... 4

*San Diego Unions v. Garmon*, 359 U.S. 236 (1959) .......... 7

*Taus v. Loftus*, 40 Cal. 4th 683 (2007) .......... 12, 14

*Turner v. Anheuser-Busch*, 7 Cal. 4th 1238 (1994) .......... 13

*United Steelworkers of America v. Rawson*, 495 U.S. 362 (1990) .......... 3

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) .......... 4

## STATUTES

42 U.S.C. 2000e-5(b) .......... 14

29 U.S.C. § 160(b) .......... 9

Cal. Civ. Code § 47 .......... 15, 16

Cal. Lab. Code § 2922 (2008) .......... 14

Cal. Lab. Code §§ 3600 (a)(1)-(3), 3601 .......... 6

Fed .R.Civ. P. 12(b)(1) .......... 1, 3, 6, 7, 8, 16

Fed. R. Civ. P. 12(b)(6) .......... 1, 9, 10, 11, 12, 14, 16

National Labor Relations Act, 29 U.S.C. §§ 151-69 .......... 7

COMES NOW Defendant Bay Area Restaurant Group, incorrectly named as "HMS Host, Inc.," ( "BARG" or "Defendant"), one of the defendants in the captioned matter, to move this honorable Court for an order dismissing each and all of Plaintiff Linda Rovai-Pickett's (hereafter "Plaintiff") claims asserted in her First Amended Complaint, with prejudice, and to provide formal NOTICE to all interested partied that a hearing on this Motion will be held on June 27, 2008 at 9:00 a.m.

Defendant BARG respectfully requests dismissal of each and every one of Plaintiff's claims, with prejudice, on the grounds that her claims are either preempted by Section 301 of the Labor Relations Management Act, are time-barred by applicable statutes of limitation or fail to state a claim upon which relief can be granted, even if true as alleged.

## I. INTRODUCTION

On information and belief, Plaintiff initiated this action on December 3, 2007 in the Superior Court of the State of California in San Francisco County, Case No. CGC-07-469683. Neither named defendant was served with Plaintiff's original Complaint. On February 4, 2008, Plaintiff filed her First Amended Complaint, alleging wrongful termination, negligent infliction of emotional distress, unfair labor practices, breach of contract, failure to perform duty of fair representation, and defamation of character. BARG and Defendant UNITE HERE! Local 2, incorrectly identified as Hotel Employees & Restaurant Employees Local #2 ("Local 2" or "Defendant Local 2"), received Plaintiff's First Amended Complaint via regular U.S. Mail on or about February 28, 2008 and February 25, 2008, respectively. BARG and Local 2 filed their Joint Notice of Removal on March 26, 2008.

BARG now seeks dismissal of each of Plaintiff's claims against it, with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF THE ISSUES

The issues to be decided by the Court are:

1) whether Plaintiff's claims are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract such that they are preempted by Section 301 of the Labor Relations Management Act;

2) whether Plaintiff's claims, which are preempted by Section 301 of the Labor Relations Management Act, are governed by the six month statute of limitations applicable to Section 301 claims and are therefore time-barred and

3) if Plaintiff's claims are not preempted, whether Plaintiff has failed to state a claim for which relief can be granted.

## III. STATEMENT OF FACTS[1]

Plaintiff was terminated from her job as a Server with BARG at the San Francisco Airport on December 5, 2006 for violating the BARG cash handling policy by adding an unauthorized tip to a customer's credit card transaction in violation of Company policy. Plaintiff was notified of her termination in a meeting held December 5, 2006, at which Plaintiff was accompanied by representation from Local 2. Local 2 and BARG have a Collective Bargaining Agreement ("CBA") that includes Plaintiff in the bargaining unit. Subsequent grievance and arbitration processes under the CBA were utilized by Local 2 on Plaintiff's behalf. On December 3, 2007, Plaintiff filed her Original Complaint in the Superior Court of the State of California in San Francisco County. On February 4, 2008, Plaintiff filed her First Amended Complaint.

---

1 For the purposes of this Motion only, Plaintiff's allegations are taken as true.

Plaintiff's First Amended Complaint states claims for wrongful termination, negligent infliction of emotional distress, unfair labor practices, breach of contract, failure to perform duty of fair representation, and defamation of character. Each of her claims explicitly refers to her termination and/or the subsequent grievance process concerning that termination, both of which were governed by the underlying CBA.

## IV. ARGUMENT AND AUTHORITIES

### A. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW AND THEREFORE MUST BE DISMISSED.

A state law claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA") if the action cannot be resolved without an interpretation of the underlying Collective Bargaining Agreement ("CBA") between BARG and Local 2. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-10 (1985). The broad preemptive effect of Section 301 applies to causes of action arising in both contract and tort. *United Steelworkers of America v. Rawson*, 495 U.S. 362, 369 (1990); *Allis-Chalmers Corp.*, 471 U.S. at 210-11.

To determine whether a state law claim is preempted under Section 301, the Court must consider whether those claims are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Kirton v. Summit Med. Ctr.*, 982 F. Supp. 1381, 1385 (N.D. Cal. 1997) (citing *Allis-Chalmers Corp.*, 471 U.S. at 213 (1985)). Although Plaintiff relies primarily upon the CBA in her First Amended Complaint in support of her claims, the fact that a claim is stated without direct reference to a CBA is not dispositive. *Id.* Rather, the relevant analysis is whether the claim is "inextricably intertwined with consideration of the terms of the labor contract." *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988). All of Plaintiff's claims require analysis of the terms of the parties' CBA, and her claims are therefore preempted and must be dismissed. FED .R.CIV. P. 12(b)(1).

**1. Plaintiff's Wrongful Termination Claim Is Preempted and Therefore Must Be Dismissed.**

The plain allegations in Plaintiff's First Amended Complaint support and require this Court's determination that her wrongful termination claim is so inextricably intertwined with interpreting the CBA that they must be preempted by Section 301. Most notably, Plaintiff claims Section 301 as the jurisdictional basis for her wrongful discharge claim. First Amended Complaint, p. 3, ll. 14-18.[2] Additionally, Plaintiff asserts that BARG "wrongfully terminated Plaintiff in violation of the covenant of good faith and fair dealing and in complete absence of any semblance of 'just cause' *as specifically mandated in Section 35(c) of the CBA* in effect at all relevant times material hereto." First Amended Complaint, p. 5, ¶ 4, ll. 20-23 (emphasis added).

Plaintiff further complains of wrongful termination based on alleged deprivations of her "due process" rights, such as no effective notice of hearing, a stale charge and no opportunity to exercise her Weingarten rights.[3] First Amended Complaint, p. 5, ¶¶ 2-3, ll. 2-14. Clearly, such rights arise, if at all, only pursuant to the CBA and can only be analyzed with proper interpretation of the CBA. *Kirton*, 982 F. Supp. at 1385 (finding Plaintiff's allegation that she was discharged without a fair opportunity to be heard was preempted because such procedural safeguards arose under the CBA).

Finally, Plaintiff's wrongful discharge claim rests on allegations of "disparate treatment" and her potential for becoming a "whistleblower." First Amended Complaint, pp. 5-6, ¶¶ 5-6, ll. 24-10. Although the Ninth Circuit has recognized that Section 301 does not preempt wrongful discharge claims implicating public policy, *Young v. Anthony's Fish Grottos, Inc.*, 830

---

2 Plaintiff did not number all Paragraphs in her First Amended Complaint. Only where paragraph numbers were included by Plaintiff are paragraph references included in references in this Motion. Otherwise, page and line references to the First Amended Complaint are provided.

3 "Weingarten rights" is apparently a reference to rights defined under the National Labor Relations Act in *NLRB v. Weingarten, Inc.*, 420 U.S. 251 (1975), rights that apply only where employees are represented by a union.

F.2d 993, 1001 (9th Cir. 1987), Plaintiff's claims do not include these allegations and therefore cannot be characterized as such. Plaintiff's use of the term "disparate treatment" is insufficient to support a claim for discrimination based on a protected trait in violation of any state statute. First Amended Complaint, p. 6, l. 1.[4] Plaintiff never asserts she was treated differently based on a protected trait and, in fact, does not assert any purported ground for such alleged disparate treatment. Instead, Plaintiff simply complains that BARG violated its "stated zero tolerance policy" against the use of drugs or alcohol in the workplace by not discharging other employees who allegedly violated different work rules. First Amended Complaint, p. 5, ¶ 5, ll. 24-28. She does not claim that she was discharged or disciplined for violating this policy. Notably, the referenced "zero tolerance policy" and any discipline associated with such policy, necessarily arise from the CBA, and any consideration of disparate treatment of such policy would also require interpretation of the CBA.

Moreover, Plaintiff does not contend that she was a whistleblower or that she was retaliated against for having participated in whistleblowing activities. Her allegation is insufficient to sustain a whistleblowing claim, as discussed in detail below. *See* pp. 13-15 . Plaintiff asserts there is a "clear and present danger of [her] becoming a whistle blower" based on "potentially damaging knowledge of BARG's lax enforcement of its zero tolerance policy" with regard to alleged alcohol and drug use at the workplace. First Amended Complaint, p. 5, ¶ 5, ll. 24-28. Plaintiff's assertions of her knowledge that BARG failed to enforce a policy set forth in the CBA, and her ability to reveal that knowledge, are inextricably intertwined with the CBA, since both the policy at issue and its enforcement must be analyzed and interpreted to determine the scope of the policy, proper compliance and appropriate discipline. Accordingly, Plaintiff's

---

4 Although Plaintiff asserts that claims of reverse discrimination, disability discrimination and retaliatory discrimination, "most particularly against workers claiming workman's compensation benefits, and age discrimination" "*could have been raised*" at a pre-termination hearing, she has not alleged that she presented those claims nor has she presented such claims for adjudication in this case. First Amended Complaint p. 32, ll. 10-34. She would now be barred from doing so because of her failure to initiate or exhaust administrative remedies.

wrongful termination claims are all preempted by Section 301 and must be dismissed. FED. R. CIV. P. 12(b)(1).

**2. Plaintiff's Claim of Negligent Infliction of Emotional Distress Is Preempted and Therefore Must Be Dismissed.**

In essence, Plaintiff complains that she suffered emotional distress because she was discharged without just cause. First Amended Complaint, p. 6, ll. 16-20. Thus, her negligent infliction of emotional distress claim is preempted by Section 301 because the alleged tort arises from the same conduct that forms the basis for her breach of contract claim, a claim governed by the CBA. *Harris v. Alumax Prods., Inc.*, 897 F.2d 400, 403 (9th Cir. 1990); First Amended Complaint, p. 6, ll. 16-28; p. 39, ¶ B, ll. 13-21. To determine whether Defendant BARG's actions in terminating Plaintiff's employment constitute tortious negligent infliction of emotional distress, the Court must first interpret BARG's and Plaintiff's respective rights and obligations under the CBA. Moreover, any alleged breach of contract would also require an interpretation of their respective rights and duties arising under the CBA. Accordingly, Plaintiff's claim of negligent infliction of emotional distress is so inextricably intertwined with interpretation of the CBA that it is preempted by Section 301 and must be dismissed. FED. R. CIV. P. 12(b)(1).

Alternatively, Plaintiff's sole remedy for her negligent infliction of emotional distress claim is through her filing a workers' compensation claim. Because Plaintiff's only alleged emotional distress is incidental to her employment, and she alleges the injury is proximately caused by the employment, with or without any negligence workers' compensation is the exclusive remedy for those claims. *See* CAL. LAB. CODE §§ 3600 (a)(1)-(3), 3601. *See also Livitsanos v. Superior Court*, 2 Cal. 4th 747, 752 (Cal. 1992) (workers' compensation was plaintiff's sole remedy for his claim for infliction of emotional distress stemming from the employer's alleged campaign of harassment and eventual termination). Therefore, even under state law, those claims are preempted and must be dismissed. CAL. LAB. CODE §§ 3600 (a)(1)-(3), 3601.

**3. Plaintiff's Claims of Failure To Perform the Duty of Fair Representation and Breach of Contract Are Also Preempted By Federal Law and Must Be Dismissed.**

As noted above, Plaintiff cites Section 301 as the jurisdictional basis for her claim of a duty of fair representation by Local 2. Accordingly, that claim is also preempted by Section 301. Local 2's authority to act exclusively on behalf of its members is derived from Section 9(a) of the LMRA, and its duties related to such representation are governed solely by federal law. *Madison v. Motion Picture Set Painters & Sign Writers Loc. 729*, 132 F. Supp. 2d 1244, 1256 (C.D. Cal. 2000) (federal duty of fair representation "is defined solely by federal law and preempts the application of state substantive law that seeks to regulate conduct within its ambit.").

The only "contract" relied upon by Plaintiff to support her breach of contract claim is the CBA. First Amended Complaint, p. 8, ll. 25-28. Accordingly, her breach of contract claim necessarily arises under federal law and is also preempted by Section 301.

Therefore, those claims must be dismissed. FED. R. CIV. P. 12(b)(1).

**4. This Court Lacks Jurisdiction over Plaintiff's Unfair Labor Practices Claims and Therefore Those Claims Must Be Dismissed.**

The sole entity vested with jurisdiction to resolve claims of unfair labor practices under the National Labor Relations Act, 29 U.S.C. §§ 151-69, is the National Labor Relations Board ("NLRB"). *San Diego Unions v. Garmon*, 359 U.S. 236, 244-45 (1959). Accordingly, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court lacks jurisdiction over Plaintiff's unfair labor practices claim and they must be dismissed. FED. R. CIV. P. 12(b)(1).

As noted above, to the extent that Plaintiff's general allegations do not constitute claims of unfair labor practices, they are nevertheless governed by federal law because they each arise from and are inextricably intertwined with the CBA. Plaintiff specifically alleges that her

termination, "in a manner completely and utterly in violation of the provisions of the CBA," constitutes an unfair labor practice. First Amended Complaint, p. 8, ll. 10-11. Other alleged unfair labor practices are based on the alleged denial of purported due process rights that can arise, if at all, only from the CBA. First Amended Complaint, p. 7, ll. 8-28; p. 8, ll. 1-18.

**5. <u>Plaintiff's Defamation Claim Must Be Evaluated by Interpreting the CBA and Therefore Is Preempted and Must Be Dismissed.</u>**

Plaintiff's defamation claim is based solely on the reasons purportedly given by BARG for the termination of her employment. Thus, the CBA must be interpreted to determine whether the reasons given for Plaintiff's discharge amount to just cause for termination pursuant to the CBA. Accordingly, the CBA governs the allegedly defamatory conduct, and Plaintiff's claim is again preempted by Section 301, *Kirton*, 982 F. Supp. at 1389, and must be dismissed. FED. R. CIV. P. 12(b)(1).

In addition, where a defamation claim arises from the same facts as those that form the basis of a plaintiff's Section 301 breach of contract claim, that defamation claim is also preempted by Section 301. *Kirton*, 982 F. Supp. at 1389. Plaintiff alleges that BARG breached the CBA by terminating her without evidence, notice or due process. First Amended Complaint, pp. 8, l. 1-25; p. 9, l. 1-3. Essentially, Plaintiff's assertion is that she was terminated without "just cause" in violation of the CBA. Likewise, Plaintiff's defamation claim asserts that BARG gave false reasons for establishing just cause to effectuate her termination under the CBA. First Amended Complaint, p. 11, l. 13-27. Therefore, both Plaintiff's breach of contract claims and Plaintiffs defamation claims arise from the same facts, and her defamation claim is therefore preempted by Section 301, *Id.*, and must be dismissed. FED. R. CIV. P. 12(b)(1).

**B. <u>PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED.</u>**

Unfair labor practices are governed by the six month statute of limitations under

the National Labor Relations Act. 29 U.S.C. § 160(b). To the extent that Plaintiff asserts claims of unfair labor practices, her claims are thereby barred because each action of which she complains occurred more than six months prior to her filing this suit.[5] Plaintiff's unfair labor practice claims all arise out of her termination and the hearing that accompanied her termination. First Amended Complaint, pp. 7, ll. 3-28; p. 8, ll. 1-18. Plaintiff's employment was terminated on December 5, 2006, and the meeting regarding her termination occurred that same day. First Amended Complaint, p. 12, l. 23-28; p. 13, l. 1. On information and belief, Plaintiff did not file the instant action until December 3, 2007, almost one full year following her termination, and no defendant has yet been properly served. *See* Joint Notice of Removal of Civil Action to Federal Court, filed March 26, 2008. Consequently, even if true as alleged, Plaintiff's unfair labor practices claims are time-barred and must be dismissed. FED. R. CIV. P. 12(b)(6).

Plaintiff's duty of fair representation claim and her breach of contract claim must also be dismissed as time-barred. Due to the intimate and intricate relationship between the duty of fair representation and the enforcement of a collective bargaining agreement, claims against employers for breach of contract and against unions for violation of the duty of fair representation are considered "inextricably interdependent," and are commonly known as "hybrid Section 301/fair representation" claims. *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983). It is by now clearly established law that such hybrid claims are governed by the six month statute of limitations. *DelCostello*, 462 U.S. 151 (1983); *Kile v. N. Pac. Constr. Co.*, 827 F.2d 1363 (9th Cir. 1987).

The six month statute of limitations began to run on these claims when Plaintiff knew or should have known of the alleged breach of the duty of fair representation and breach of

5 Even if any of the actions complained of were not time-barred, Plaintiff has not alleged that she has filed any Charge against Defendant BARG or Defendant Local 2 with the NLRB, which has sole jurisdiction over unfair labor practices. Charges must be filed with the NLRB within six months. 29 U.S.C. § 160(b). Moreover, Plaintiff has not yet properly served any defendant to this action, as required to toll the statute of limitations. 29 U.S.C. §160(b).

contract. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir.1986). Plaintiff's claim against Local 2 for its failure to satisfy its duty of fair representation is supported by her assertion that Local 2's agent "sat submissively by and did not actively participate nor in any way discharge Defendant HERE Local #2's duties of fair representation of Plaintiff Linda Pickett at the meeting of December 5th, 2006 ...." First Amended Complaint, pp. 13, ll. 26-28; p. 14, l. 1. Thus, the statute of limitations began to run on December 5, 2006.[6] Plaintiff did not file this action until December 3, 2007, almost 12 months later and well beyond this six month statute of limitation. Accordingly, Plaintiff's claims, even if true as alleged, are time-barred and must be dismissed. FED. R. CIV. P. 12(b)(6).

Because Plaintiff's wrongful termination, negligent infliction of emotional distress and defamation claims are preempted by Section 301, they are all governed by the six month statute of limitations. *See, e.g., Harris*, 897 F.2d at 403. As explained above, her wrongful termination and negligent infliction of emotional distress claims arise from the termination of her employment, which she alleges occurred on December 5, 2006. Her claims are therefore time-barred, even if true as alleged, and must be dismissed. FED. R. CIV. P. 12(b)(6).

Although Plaintiff fails to state a viable claim for defamation, this claim is also subject to a six month statute of limitations and is therefore also time-barred. As explained in detail above, *see* p. 8, Plaintiff's defamation claim arises from the same core nucleus of operative

---

6 Plaintiff further asserts that she again became aware of Local 2's alleged breach of its duty of fair representation at a January 11, 2007 meeting, a February 2, 2007 meeting, an April 5, 2007 communication, an April 16, 2007 letter and a May 2, 2007 mediation. First Amended Complaint pp. 20, ll. 26-28; p. 23, l. 10; p. 26, ll. 1-28; p. 29, ll. 1-8. Notably, Plaintiff claims to have responded on April 16, 2007 to a Local 2 attorney regarding Local 2's representation of her "but without any hope or confidence, which was in serious doubt before the receipt of this letter, that Defendant HERE could or would fairly represent . . . Plaintiff's interests in the instant case . . . ." First Amended Complaint p. 28, ll. 1-5. Thus, Plaintiff admittedly "knew or should have known" of Local 2's alleged breach of its duty of fair representation at the very latest as of April 16, 2007, almost eight months before filing this action. Accordingly, her claims are time-barred and, even if true as alleged, must be dismissed. *Galindo*, 793 F.2d at 1509; Fed. R. Civ. P. 12(b)(6).

facts supporting her breach of contract claim, alleging her employment was terminated without just cause. Accordingly, this defamation claim is preempted by Section 301 and is subject to the six month statute of limitations under Section 301. *See, e.g., Harris*, 897 F.2d at 403. Plaintiff states that BARG defamed her by alleging, at a "hearing on her restoration of status to claim unemployment insurance benefits," that she engaged in criminal activity. First Amended Complaint, p. 11, ll. 13-18. In Plaintiff's Statement of the Case, she also asserts that BARG published, by way of a letter, defamatory comments regarding criminal activity to the "EDD" pursuant to proceedings under the California Unemployment Code. First Amended Complaint, p. 34, ll. 8-20. Plaintiff alleges and admits that the California Unemployment Insurance Appeals Board received Plaintiff's appeal for unemployment benefits on December 31, 2006, held a hearing on January 29, 2007 and mailed its Decision on February 7, 2007. Exhibit L of Plaintiff's First Amended Complaint. Therefore, at the latest, the alleged defamation occurred, if at all, on or before January 29, 2007.[7] Accordingly, Plaintiff's allegations, not filed until December 2007, some 11 months later, are time-barred and must be dismissed. FED. R. CIV. P. 12(b)(6).

In addition, Plaintiff asserts that BARG defamed her by wrongfully terminating her employment and leaving her unable to maintain her credit obligations. First Amended Complaint, p. 12, ll. 9-17. Plaintiff alleges that she was terminated on December 5, 2006. Thus, the statute of limitations for claims of defamation arising from her termination has long since passed, and Plaintiff is time barred from bringing such claims. In her Statement of the Case, Plaintiff claims she was further defamed by BARG in a December 11, 2006 letter stating the reason for her termination. First Amended Complaint, p. 34, ll. 23-25; Exhibit K to First Amended Complaint. Again, her allegations establish that her claims of defamation based on this letter are well outside the applicable statute of limitations and must be dismissed. FED. R. CIV. P.

---

[7] The Decision attached by Plaintiff at Exhibit L to her First Amended Complaint states that Defendant BARG did not even participate in the January 29, 2007 appeal hearing, and the Administrative Law Judge specifically noted that BARG did not submit documentary support, in clear contradiction to Plaintiff's assertions.

12(b)(6).

Finally, Plaintiff contends she was defamed by BARG's alleged maintenance of records regarding her termination. First Amended Complaint, p. 37, ll. 1-4. Because there is no alleged statement made or alleged publication of any such statement in the mere maintaining of records, Plaintiff's claim fails to state a claim upon which relief can be granted. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Regardless, even if the statement in the allegation were determined to be BARG's reason for the termination of Plaintiff's employment, this statement was made, if at all, in December of 2006, again well outside the six month limitations period. Therefore these claims, even if true as alleged, are time-barred and must be dismissed. FED. R. CIV. P. 12(b)(6).

### C. ALTERNATIVELY, PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN GRANTED.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's claims for wrongful termination and defamation must be dismissed because, even if they are true as alleged, they fail to state a claim upon which relief can be granted.

#### 1. Plaintiff's Termination Was Not a Violation of Public Policy.

To the extent that Plaintiff's allegations of wrongful termination do not arise from the CBA, they must nevertheless be dismissed because she has not alleged, and cannot prove, all of the elements necessary to support her claim and/or she has failed to exhaust requisite administrative remedies prior to filing suit.

Plaintiff's claim that she was a "clear and present danger of becoming a whistle blower" based on her alleged knowledge of purported "lax enforcement of [BARG's] zero tolerance policy," First Amended Complaint, p. 6, ll. 3-10, is insufficient as a matter of law to sustain her burden of alleging a *prima facie* case of wrongful termination in violation of public

policy.

California has recognized only the following four categories of wrongful terminations as violations of public policy: (1) wrongful termination for refusing to violate a statute; (2) wrongful termination for performing a statutory obligation; (3) wrongful termination for exercising a statutory right or privilege and (4) wrongful termination for reporting an alleged violation of a statute of public importance. *Gantt v. Sentry Ins.*, 824 P.2d 680, 684 (1992), *overruled on other grounds, Green v. Ralee Eng'g Co.*, 960 P.2d 1046, 1054 (Cal. 1998). Plaintiff cites no statute in reference to her purported potential whistleblower activity. Because it is Plaintiff's burden to provide the specific statutes and regulations upon which she bases her claims of termination in violation of public policy claim is based and she has failed to do so, this Court must dismiss her claim. *Green v. Ralee Eng. Co.*, 960 P.2d at 1057. ("[I]n wrongful termination cases we have rejected public policy claims that were largely unaccompanied by citations to specific statutory or constitutional provisions") (internal quotation marks and citations omitted).

Indeed, California courts have specifically held that the type of allegations Plaintiff raises, *i.e.* lax enforcement of an internal policy, do not fall within any statutory framework and cannot form the basis of a wrongful termination claim. *Turner v. Anheuser-Busch*, 7 Cal. 4th 1238, 1256-57 (1994) (holding that plaintiff's allegations of (1) a conflict of interest provision of the company's collective bargaining agreement, (2) collective bargaining agreement provisions "relative to wages, benefits and job security," (3) internal company policy concerning employment of family members and (4) company policy concerning use of refrigerated delivery trucks could not support a claim for wrongful discharge because they did not implicate any fundamental public policy embodied in a statute or constitutional provision).

Moreover, Plaintiff does not even claim to have engaged in any actual whistleblower activity, but rather only to have possessed the potential to do so at some future

time. Certainly this hypothetical situation is not the type of situation California envisioned to establish a viable claim of whistleblower status or to establish sufficient grounds to curtail an employer's statutory right to terminate the employment of an employee. CAL. LAB. CODE § 2922 (2008). Plaintiff's admission that she did not report, but her conjecture that she *might* report another employee for violation of BARG rules, not a statute or regulation, cannot support a claim for wrongful discharge. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 670-71 (1988) (holding that no substantial public policy prohibits an employer from discharging an employee for reporting information that serves only the employer's own interests).

Plaintiff also loosely sprinkles throughout her allegations the term "disparate treatment." *See, e.g.*, First Amended Complaint, p. 6, ll. 1-2. However, she makes no allegation that any purported disparate treatment was the result of her being a member of any identified protected group. Moreover, discrimination based on a protected trait requires exhaustion of administrative remedies through the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission or appropriate state agency. 42 U.S.C. 2000e-5(b); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Plaintiff makes no allegation that she has timely filed any requisite Charge of Discrimination, and her general claims of disparate treatment fail to state a claim upon which relief can be granted and must therefore be dismissed. FED. R. CIV. P. 12(b)(6).

**2. <u>Any Alleged Defamation Was Privileged.</u>**

Under California law, defamation is an intentional publication to a third person of a statement of fact that is false, is not protected by a privilege and has a tendency to injure or cause special damages. *Taus*, 40 Cal. 4th at 720. Plaintiff's claim of defamation must be dismissed because she has not sufficiently pled, and cannot prove, the requisite elements of defamation.

To the extent that Plaintiff supports her claim of defamation by claiming BARG's action of terminating her employment is itself the defamatory act, her claim must fail because she has not identified a false statement of fact published to a third person.

Her claim must also fail to the extent that it is based on her allegations that BARG published the reasons for her termination during grievance hearings or to the "EDD" (California Employment Development Department) because such statements, even if true as alleged, are privileged under California law. A publication made in any legislative proceeding, judicial proceeding, in any other official proceeding authorized by law or in the initiation or course of any other proceeding authorized by law is privileged. CAL. CIV. CODE § 47. Thus, any statement made in the course of proceedings regarding Plaintiff's application for unemployment benefits is privileged pursuant to California Civil Code Section 47.

Furthermore, a communication, made "without malice, to a person interested therein, (1) by one who is also interested or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent or (3) who is requested by the person interested to give the information" is privileged. CAL. CIV. CODE § 47. Therefore, any statement made in the course of grievance proceedings is privileged. *See also Hyles v. Mensing*, 849 F.2d 1213, 1217 (9th Cir. 1988) (in a case dealing with Section 301 preemption, stating "as a matter of federal law, statements that are made in grievance proceedings established by a CBA and are not published to persons lacking legitimate interests in them are privileged and may not support a state tort claim").

Although Plaintiff admits that "there would be no way to know" what BARG would tell anyone about her work history, she nevertheless alleges that the "specter of ***prospective*** defamation hangs forebodingly over" her. First Amended Complaint, p. 12, l. 1 (emphasis in original). California has not recognized any cause of action for "prospective" defamation. Furthermore, "communications concerning the job performance or qualifications of an applicant

for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant" are specifically privileged. CAL. CIV. CODE § 47. Because Plaintiff does not allege that BARG acted with, or more correctly will act with, malice in discussing her job history with prospective employers by providing false information, her claims for prospective defamation must be dismissed. FED. R. CIV. P. 12(b)(6).

## V. CONCLUSION

For all of the reasons stated above, BARG respectfully requests that, pursuant to Rules 12(b)(1) and 12(b)(6), FED. R. CIV. P., this Court dismiss Plaintiff's claims against BARG with prejudice and grant BARG such other and further relief to which it is entitled.

DATED: April 2, 2008

BRACEWELL & GIULIANI LLP

By: /s/ Robert E. Sheeder
ROBERT E. SHEEDER (admitted pro hac vice)

Attorneys for Defendant
BAY AREA RESTAURANT GROUP,
(incorrectly sued as HMS HOST, INC.)