MATTHEW D. ROSS, ESQ. (SB# 084703)
mross@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Defendant
UNITE HERE! Local 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROVAI-PICKETT,<br><br>    Plaintiff,<br><br>vs.<br><br>HMS HOST, INC., HOTEL EMPLOYEES & RESTAURANT EMPLOYEES LOCAL #2, DOES 1 THRU 50,<br><br>    Defendants. | CASE NO. 3:08-CV-01625-MMC<br><br>**DEFENDANT LOCAL 2's OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PROCEEDING TO STATE COURT** |

    For the reasons described herein, Defendant UNITE HERE! Local 2 ("Local 2") opposes Plaintiff's motion to remand. Local 2 files this limited opposition because this Court's jurisdiction is undisputed. Even though Plaintiff's motion is largely unintelligible, plaintiff concedes in her motion (as she also did in her complaint), that this Court has original subject matter jurisdiction over her duty of fair representation claim against Local 2. Thus, for the reasons set out in this opposition and defendants' notice of removal, and based upon the representations in Plaintiff's complaint and motion to remand, Plaintiff's motion should be denied.

## ARGUMENT

This Court has original jurisdiction over this entire action under 28 U.S.C. § 1331 because Plaintiff's claims challenging her termination and the handling of her grievance are completely preempted by, and arise exclusively under, federal labor law, specifically, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and the federal "duty of fair representation," grounded in Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a). Under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the district courts of the United States have original jurisdiction over any action brought for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."

Significantly, this characterization is not disputed by Plaintiff. In her complaint, she cites Section 301 as a jurisdictional basis for Plaintiff's duty of fair representation and wrongful termination claims. (Plaintiff's First Amended Complaint, Ross Declaration ISO Notice of Removal, at Exhibit A, page 3, lines 14-22). Plaintiff further confirms this by alleging § 301 jurisdiction exists because Plaintiff's claims raise "several, substantial questions of labor law") (Id., at page 4, lines 19-26).[1] Because this Court has jurisdiction over Plaintiff's claims, Defendants may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) and (c).

Plaintiff's claim against Local 2 for an alleged breach of the union's "duty of fair representation," and her claim against Bay Area Restaurant Group, for breach of the underlying labor agreement, are commonly characterized as "hybrid" LMRA § 301/duty of fair representation claim both of which are derived from LMRA § 301. Undisputedly, such hybrid

---

[1] It appears in her motion that Plaintiff attempts to argue that this Court should decline to exercise subject matter jurisdiction because the Court does not have exclusive jurisdiction over the matter, but rather only concurrent jurisdiction with the state court. (Motion at 5-6). As this Court understands, that is beside the point. The fact that this Court has original jurisdiction over this matter, as conceded by Plaintiff, is the only necessary jurisdiction requirement. It does not matter that this Court shares jurisdiction with the state courts, which are courts of general jurisdiction. Besides this argument, it does not appear that Plaintiff has challenged Local 2's assertion of federal jurisdiction as to the duty of fair representation claim, which is the only claim alleged against Local 2. In any event, even if she has raised some other attack on this Court's jurisdiction in her motion, it is also baseless because it is undisputed that this Court has original subject matter jurisdiction over Plaintiff's claim against Local 2.

2

LOCAL 2'S OPPOSITION TO MOTION TO REMAND
[USDC Case No. 3:08-CV-01625-MMC]

claims arise under federal law.  *See* 29 U.S.C. § 301 (conferring federal jurisdiction over "[s]uits in violation of contracts between an employer and a labor organization"); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (recognizing that claims for breach of duty of fair representation are grounded in federal statutes and thus, federal law governs the claim).  *See also: Gardner v. International Telegraph Employees Local No. 9*, 850 F.2d 518, 520 (9th Cir. 1988) (explaining that "'Hybrid' suits involve allegations both that the employer breached the collective bargaining agreement, and that the union breached its duty of fair representation in handling the employees' grievance based on the contract breach"); *Trustees For Alaska Laborers Construction Industry Health and Sec. Fund v. Ferrell*, 812 F.2d 512 (9th Cir. 1987) (same).[2]

## CONCLUSION

For the reasons stated herein and in Defendants' Notice of Removal, Local 2 requests that this Court deny plaintiff's Motion to Remand.

Dated: May 15, 2008         By:   /s/ Matthew D. Ross
                                  MATTHEW D. ROSS
                                  ATTORNEYS FOR DEFENDANT UNITE
                                  HERE! LOCAL 2

---

[2] Similarly, it is apparent on the face of Plaintiff's pleading that her claim that Bay Area Restaurant Group wrongfully terminated her employment in violation of the collective bargaining agreement also arises under federal labor law.  (See, e.g., Plaintiff's First Amended Complaint, Ross Declaration at Exhibit A, page 3, lines 14-22, page 4, lines 19-26 confirming federal jurisdiction).  See also *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1060 (9th Cir. 1989) (finding that Plaintiff's "wrongful discharge claim is effectively a suit for breach of the CBA [collective bargaining agreement], and as such, states a claim under LMRA § 301").

3

LOCAL 2'S OPPOSITION TO MOTION TO REMAND
[USDC Case No. 3:08-CV-01625-MMC]

# PROOF OF SERVICE

I am employed in Alameda County, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, California 94612. On May 15, 2008, I served the following document:

**DEFENDANT LOCAL 2's OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PROCEEDING TO STATE COURT**

I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of such filings to the following:

| | |
|---|---|
| **Katherine C. Huibonhoa** | **katherinehuibonhoa@paulhastings.com** |
| **John C. Post** | **johnpost@paulhastings.com** |
| **Nancy O' Connor** | **nancy.oconnor@bgllp.com** |

I served the foregoing document by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

**Linda Rovai-Pickett**
**17 Queen Anne Court**
**Millbrae, CA 94030**

**Robert E. Sheeder**
**Bracewell & Giuliani**
**Suite 3800**
**1445 Ross Avenue**
**Dallas, TX 75202**

\_\_\_\_\_ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

\_\_X\_\_ **BY REGULAR MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD CARDER LLP's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

Executed at Oakland, California, on May 15, 2008.

/s/ Khae Saechao
Khae Saechao

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

1

PROOF OF SERVICE: LOCAL 2'S OPPOSITION TO MOTION TO REMAND
[USDC Case No. 3:08-CV-01625-MMC]