1  NANCY M. O'CONNOR (D.C. Bar #418380)
   Admitted pro hac vice
2  nancy.oconnor@bgllp.com
   Bracewell & Giuliani LLP
3  2000 K Street, Suite 500
   Washington, DC 20006
4  Telephone: (202) 828-5846
   Facsimile: (202) 857-2140
5  ROBERT E. SHEEDER (TX Bar# 18174300)
   Admitted pro hac vice
6  robert.sheeder@bgllp.com
   Bracewell & Giuliani LLP
7  1445 Ross Avenue, Suite 3800
   Dallas, TX 75202
8  Telephone: (214) 758-1643
   Facsimile: (214) 758-8340
9

10 KATHERINE C HUIBONHOA (SB# 207648)
   katherinehuibonhoa@paulhastings.com
11 JOHN C. POST (SB#233236)
   johnpost@paulhastings.com
12 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
13 Twenty-Fourth Floor
   San Francisco, CA 94105-3441
14 Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
15
   Attorneys for Defendant
16 BAY AREA RESTAURANT GROUP,
   (incorrectly sued as HMS HOST, INC.)
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

21 | LINDA ROVAI-PICKETT,                              | CASE NO. C 08-01625 MMC
22 |                        Plaintiff,                 | **DEFENDANT BAY AREA RESTAURANT GROUP'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**
23 |           v.                                      |
24 | HMS HOST, INC., HOTEL EMPLOYEES                   |
   | & RESTAURANT EMPLOYEES LOCAL                      | Date:  June 6, 2008
25 | #2, DOES 1 THRU 50,                               | Time:  9:00 a.m.
   |                                                   | Judge: Hon. Maxine Chesney
26 |                        Defendants.                |

27

28

Case No. C 08-01625 MMC                          DEFENDANT BARG'S OPPOSITION TO
                                                 PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant Bay Area Restaurant Group, incorrectly named as "HMS Host, Inc.," (hereafter "BARG"), one of the defendants in the captioned matter, and files it Opposition to Plaintiff's Motion to Remand and in support thereof would respectfully show the following:

## I. STATEMENT OF FACTS

1. On information and belief, Plaintiff initiated this action on December 3, 2007, in the Superior Court of the State of California in San Francisco County, Case No. CGC-07-469683. Neither named defendant was served with Plaintiff's original complaint. On February 4, 2008, Plaintiff filed her First Amended Complaint, alleging wrongful termination, negligent infliction of emotional distress, unfair labor practices, breach of contract, failure to perform duty of fair representation, and defamation of character.

2. Defendants filed their Joint Notice of Removal of Civil Action to Federal Court ("Notice of Removal") on March 26, 2008.

3. Plaintiff filed her Motion to Remand ("Remand") and the Declaration of William Henshall in Support of Plaintiff's Motion to Remand on April 23, 2008.

4. Defendant BARG now files its Opposition to Plaintiff's Motion to Remand.

## II. STATEMENT OF THE ISSUES

The issue to be decided is:

1) whether this Court has and should exercise jurisdiction over questions of federal law or matters that exert issues of federal law under Section 301 of the Labor Management Relations Act.

1  III.    **LAW AND ARGUMENT**

3       A.    **Plaintiff's Arguments Support the Jurisdiction of the Federal Court**

Although largely unintelligible, Plaintiff's argument contained in her Motion to Remand confirms that federal jurisdiction is appropriate in this action. Indeed, Plaintiff does not deny the arguments or support set forth by Defendants in their Notice of Removal. *See* Remand at p. 8 ("Defendants have cited several other cases in support of their assertion of federal jurisdiction and removal to federal court that do tend to suggest that Section 301 of the LMRA has a considerable, if not ***absolute***, preemptive authority over state law common actions.") (emphasis in original). Instead, Plaintiff's argument seems to rest on three points: (1) the cases cited by Defendants reached the wrong conclusion; (2) the federal courts somehow inappropriately usurped the authority and sovereignty of the states through the passage of numerous federal Constitutional Amendments; and (3) the Court is not required to exercise jurisdiction where concurrent jurisdiction exists. All of these arguments lack merit and support this Court's exercise of jurisdiction over this matter.

Whether or not the cases cited by Defendants reached the wrong conclusion is irrelevant and, even if appropriately heard as a part of the instant matter, would raise issues of federal law since they are federal cases. Moreover, Plaintiff's resistance to accept the authority of the federal government, which she consistently calls the "de facto national government," has no bearing on the causes of action or the appropriateness of removal in this case and, again, would raise an issue of federal law if properly before the court in this matter. Finally, Plaintiff cites 28 U.S.C. 1441(c) for her proposition that this Court is not required to hear this case and has the authority to remand the matter. The statute actually provides that the Court has the authority to remand those issues on which state law predominates. 28 U.S.C. 1441(c). However, Defendants have set forth the reasons that federal law predominates all of the causes of action asserted by Plaintiff and Plaintiff has not contested or presented any cognizable authority to the contrary. *See*

1  Notice of Removal generally.

3  Moreover, Plaintiff consistently raises additional points that are clearly issues of federal law. For example, Plaintiff attacks the validity and extent of Congress's power pursuant to the Commerce Clause. Remand pp. 9, 11, 20. Plaintiff also states that this case raises "a question that should be of great interest to all Americans and one in need of review and decision." Remand p. 10. Clearly, questions pertaining to all Americans are more suitable for federal jurisdiction. Additionally, Plaintiff questions the authority of 28 U.S.C. 1441, which creates a question of federal law. Remand p. 18. She further contends that the Court must determine questions arising under the Ninth and Tenth Amendments to determine whether removal is proper. Such questions inevitably require federal jurisdiction.

13  Plaintiff has plainly conceded that Section 301 of the LMRA governs her duty of fair representation and wrongful discharge claims. *See* Plaintiff's First Amended Complaint, p. 3, l. 14-22. She utterly fails to address BARG's assertions and supporting arguments and authority that her remaining claims arise from and require interpretation of the collective bargaining agreement, thereby being preempted by Section 301 of the LMRA. Accordingly, her Motion to Remand should be denied in its entirety.

20  **B.    Plaintiff is Not Prejudiced by Removal**

22  Plaintiff is not prejudiced by removal of her action to federal court, as asserted in her Motion to Remand. Remand pp. 13-18. Plaintiff contends that requiring her to learn federal law would place her in a "manifestly untenable position." Remand, p. 14. However, Plaintiff chose to bring claims asserting questions of federal law against Defendants and Defendants are entitled to have those issues heard by a federal tribunal. In fact, Plaintiff spends the majority of her argument in all of her pleadings attacking the federal court system and authority of the federal government. Not allowing such accusations to be addressed in a federal court would be more

prejudicial than requiring Plaintiff to follow the rules and authority set forth by the federal courts.

Plaintiff further asserts that the Rules of Federal Procedure work to prejudice her. This argument is without merit and is irrelevant. The effects of the Rules of Federal Procedure cannot work to circumvent the rules of removal and remand. If so, it would be incumbent upon the legislative body to set forth criteria, including the effect of such rules, for purposes of determining the appropriateness of removal. Moreover, that Plaintiff has set forth numerous Rules of Federal Civil Procedure demonstrates that she is already familiar with those rules and her 'learning curve' would not be "manifestly untenable."

Plaintiff also contends that she would be "irreparably prejudiced" by removal because her "friend and counsel" William Henshall does not have identification that would permit his entry to the federal building.[1] Certainly this cannot be a cognizable argument regarding prejudice or every federal case would undoubtedly be bombarded by affidavits alleging similar grounds.[2] It is more reasonable to assert that Mr. Henshall should pursue a course of action that would result in his obtaining appropriate identification.

---

[1] Plaintiff's assertions with respect to Mr. Henshall, including the contentions that he has "carefully researched the law [and] prepared documents and pleadings," and her description of him as her "counsel" raise concerns by BARG's counsel as to the potential for the unlicensed practice of law that may be occurring.

[2] BARG has moved to strike the majority of the Declaration of William Henshall. The Motion to Strike is filed concurrently with this Opposition.

Case No. C 08-01625 MMC                -5-                DEFENDANT BARG'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

    **C.**     **Plaintiff's Right to Assistance of Counsel Argument is Meritless and Further Supports Removal**

Plaintiff's assertion that a question of first impression regarding her right to assistance of counsel fails to set forth any argument that weighs against removal and, in fact, it further supports BARG's contention that Plaintiff continues to raise questions of federal law. Furthermore, Plaintiff fails to distinguish why removal would invoke this question but pursuing this action in state court would not. Notably, the cases cited by Plaintiff to support her right to assistance of counsel argument are all federal cases, which she seems to contend would guide the Court's analysis on the issue. Accordingly, this is a further ground for granting the removal and denying Plaintiff's remand.

**IV.**     **CONCLUSION**

Defendant BARG reasserts and relies upon all of the arguments and supporting authority contained in Defendants' Notice of Removal and, together with all of the reasons stated herein, respectfully requests that this Court deny Plaintiff's Motion to Remand.

DATED: May 16, 2008          BRACEWELL & GIULIANI LLP

By:         /s/
            NANCY M. O'CONNOR

Attorneys for Defendant
BAY AREA RESTAURANT GROUP,
(incorrectly sued as HMS HOST, INC.)