NANCY M. O'CONNOR (D.C. Bar #418380)
Admitted pro hac vice
nancy.oconnor@bgllp.com
Bracewell & Giuliani LLP
2000 K Street, Suite 500
Washington, DC 20006
Telephone:  (202) 828-5846
Facsimile:  (202) 857-2140
ROBERT E. SHEEDER (TX Bar# 18174300)
Admitted pro hac vice
robert.sheeder@bgllp.com
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, TX 75202
Telephone:  (214) 758-1643
Facsimile:  (214) 758-8340

KATHERINE C HUIBONHOA (SB# 207648)
katherinehuibonhoa@paulhastings.com
JOHN C. POST (SB#233236)
johnpost@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
BAY AREA RESTAURANT GROUP,
(incorrectly sued as HMS HOST, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROVAI-PICKETT,<br><br>    Plaintiff,<br><br>  v.<br><br>HMS HOST, INC., HOTEL EMPLOYEES & RESTAURANT EMPLOYEES LOCAL #2, DOES 1 THRU 50,<br><br>    Defendants. | CASE NO. C 08-01625 MMC<br><br>**DEFENDANT BARG'S MOTION TO STRIKE THE DECLARATION OF WILLIAM HENSHALL** |

Pursuant to Rule 7-5(b) of the Civil Local Rules for the Northern District of California, Defendant Bay Area Restaurant Group, incorrectly named as "HMS Host, Inc.," (hereafter "Defendant BARG") moves to strike portions of the Declaration of William Henshall in Support of Plaintiff's Motion to Remand (hereafter "Henshall Declaration").[1] Henshall's Declaration should be stricken almost in its entirety due to impermissible conclusions and argument. In support of its Motion, Defendant BARG would show as follows:

## I. STATEMENT OF FACTS

1. On information and belief, Plaintiff initiated this action on December 3, 2007 in the Superior Court of the State of California in San Francisco County, Case No. CGC-07-469683. Neither named defendant was served with Plaintiff's original complaint. On February 4, 2008, Plaintiff filed her First Amended Complaint, alleging wrongful termination, negligent infliction of emotional distress, unfair labor practices, breach of contract, failure to perform duty of fair representation, and defamation of character.

2. Defendants filed their Notice of Removal on March 26, 2008

3. Defendant BARG filed its Motion to Dismiss and Brief in Support on April 2, 2008.

4. Plaintiff filed her Motion to Remand and Answer to Defendant's Motion to Dismiss on April 23, 2008.

---

[1] To the extent Plaintiff seeks to incorporate by reference portions of her Motion to Remand for use in her Answer to Defendant's Motion to Dismiss that would include statements made in or supported by Henshall's Declaration, Defendant BARG asserts that any statements stricken from the Declaration pursuant to this Motion serve to exclude those statements from consideration by the Court in Plaintiff's Answer to Defendant's Motion to Dismiss.

5. Plaintiff filed the Declaration of William Henshall in Support of Plaintiff's Motion to Remand on April 23, 2008.

6. Defendant BARG now seeks to strike the Declaration of William Henshall almost in its entirety due to its inappropriate conclusions and argument.

## II. STATEMENT OF THE ISSUES

The issues to be decided are:

1) whether the Declaration of William Henshall in Support of Plaintiff's Motion to Remand contains impermissible conclusions; and

2) whether the Declaration of William Henshall in Support of Plaintiff's Motion to Remand contains impermissible argument.

## III. LAW AND ARGUMENT

"Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Local Rule 7-5(a). Such affidavits and declaration must "contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Local Rule 7-5(b).

The Henshall Declaration is fraught with impermissible conclusions, argument, opinion, and is not based on personal knowledge. Furthermore, the Henshall Declaration is largely irrelevant. Indeed, Defendant BARG saves the Court's time and resources by pointing to the only two sentences containing any relevant statements of fact made on personal knowledge of the Declarant and urges the Court to strike the remainder of the Henshall Declaration.

**A.** **". . . I lack any ID emanating from the de facto national government . . ." (Henshall Declaration p. 1, ¶ 2).**

Mr. Henshall's claim to lack identification is a factual statement made on his personal

knowledge. However, the remainder of the sentence contains impermissible argument and conclusions and should be stricken.[2]

  **B. ". . . I made a lawful rescission for cause (copy available upon request) of my application for a social (in)security number . . .on August 1st, 1998." (Henshall Declaration, p. 2, ¶ 5).**

Mr. Henshall's statement should be limited to his personal knowledge of seeking to rescind his application for a social security number, and the remainder of his sentence, including his conclusory commentary as to the lawfulness of such rescission and the insecurity of the social security system should be stricken.[3]

  **C. Each and every remaining sentence in the Henshall Declaration is conclusory, impermissible argument, irrelevant, and/or not based on personal knowledge.**

With the exception of the two partial sentences quoted above, each and every remaining sentence in the Henshall Declaration should be stricken as conclusory, containing argument,

---

[2] The remainder of the sentence that should be stricken as conclusory and containing argument and opinion includes the following language: "As such, Plaintiff's case will suffer irreparable damage in federal court . . [omitted portion quoted above]. . which would 'qualify' me for entry into the federal building, let alone this court and with no apparent lawful authority relied upon, with none being cited by the 'goon at the gate' when such a demand was made, which 'authority' achieves, in effect, the exclusion of the entirety of 'Our posterity' and/or lawful de jure jus sanguinis and jus soli Ste Citizens from the judicial power of the united [sic] States." (internal citation omitted) (Henshall Declaration, p. 1, ¶ 2).

[3] The remainder of the sentence that should be stricken as conclusory and containing argument includes the following language: "Upon discovering these, and other, Constitutional flaws, [I made a lawful rescission . . . ] nunc pro tunc ab initio via first class mail postage prepaid to ***all known affected parties*** . . ."  (Henshall Declaration, p. 2, ¶ 5).

Case No. C 08-01625 MMC     -4-     DEFENDANT'S MOTION TO STRIKE THE DECLARATION OF WILLIAM HENSHALL

irrelevant, and/or lacking in personal knowledge. Mr. Henshall improperly utilizes his declaration as a forum for voicing anti-federal rhetoric, opinion regarding the security of the social security institution, and his beliefs regarding the power of Congress. Such commentary is entirely inappropriate and irrelevant for purposes of Plaintiff's Motion to Remand. Accordingly, all such declarations should be stricken.

## IV.    CONCLUSION

For all of the reasons stated above, Defendant BARG respectfully requests this Court strike all statements and parts of statements from the Declaration of William Henshall in Support of Plaintiff's Motion to Remand that are conclusory, contain argument, are irrelevant, and/or lack personal knowledge. Defendant BARG also requests any further relief to which it is entitled.

DATED:  May 16, 2008                    BRACEWELL & GIULIANI LLP


By:            /s/
     NANCY MORRISON O'CONNOR

Attorneys for Defendant
BAY AREA RESTAURANT GROUP,
(incorrectly sued as HMS HOST, INC.)