**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROVAI-PICKETT, | No. C-08-1625 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |
| v. | |
| HMS HOST, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff Linda Rovai-Pickett's motion, filed April 23, 2008, to remand the above-titled action for lack of federal jurisdiction. Defendant UNITE HERE! Local 2 ("Local 2") and defendant Bay Area Restaurant Group ("BARG")[1] have each filed opposition thereto.[2] No reply has been filed. Having considered the parties' submissions in support of and in opposition to the motion, the Court VACATES the June 6, 2008 hearing on the matter, and rules as follows.

In her First Amended Complaint ("FAC"), plaintiff asserts six causes of action, all

---

[1] Defendant BARG asserts it was incorrectly named in the complaint as "HMS Host, Inc." (See Def. BARG's Opp'n at 2:1-2.)

[2] In conjunction with its opposition, BARG filed a motion to strike the Declaration of William Henshall, on the ground that the declaration consists of impermissible conclusions, argument and opinion, and is not based on the declarant's personal knowledge. Because the contents of the declaration are not relevant to the Court's determination, the motion to strike is hereby DENIED as moot.

arising out of plaintiff's allegations that BARG wrongfully terminated her in violation of the applicable collective bargaining agreement ("CBA"), (see, e.g., FAC at 5:19-22), and that Local 2 thereafter failed to fairly represent plaintiff in subsequent proceedings, (see, e.g., id. at 9:9-12). Plaintiff brings the following claims against BARG: (1) wrongful termination; (2) negligent infliction of emotional distress; (3) unfair labor practices; (4) breach of contract; and (5) defamation of character. Plaintiff brings a single claim against Local 2, for breach of its duty of fair representation.

Defendants, as the parties invoking the federal court's removal jurisdiction, bear the burden of establishing federal jurisdiction.[3] See Emrich v. Toche Ross & Co., 846 F. 2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal . . . ."). In this instance, defendants assert federal jurisdiction is based on the existence of a federal question. (See Joint Notice of Removal at 1:7-8); see also 28 U.S.C. § 1331. Specifically, defendants assert that each of plaintiff's claims is preempted by federal labor law, in particular, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a), (see id. ¶ 6); in the alternative, to the extent any of plaintiff's claims is not preempted, defendants assert the Court has supplemental jurisdiction over such claim(s), (see id. ¶ 15).

Plaintiff argues her claims for wrongful termination, negligent infliction of emotional distress, defamation, and breach of the duty of fair representation are not preempted by federal law because they do not require interpretation of the CBA,[4] (see Pl.'s Mot. to Remand at 5:24-28), and, further, that the state court maintains concurrent jurisdiction over

---

[3] Defendants BARG and Local 2 jointly removed the instant action to federal court. (See Joint Notice of Removal, filed Mar. 26, 2008.)

[4] In the FAC, however, plaintiff expressly acknowledges that her claims for wrongful termination and breach of the duty of fair representation arise under "Section 301 of the Federal Labor [Management] Relations Act, [29] USCA Section 185(a)." (See FAC at 3:14-18.)

plaintiff's claims.[5]  As set forth below, each of plaintiff's arguments is unavailing.

First, defendants have shown, and plaintiff does not dispute, that plaintiff's breach of contract claim, by which plaintiff asserts BARG breached the CBA, is governed exclusively by federal law.  See, e.g., Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) (holding "[a] suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301"; noting "[t]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement").  Further, contrary to plaintiff's argument, plaintiff's claims for wrongful discharge and breach of the duty of fair representation are premised on BARG's violation of the CBA, (see FAC at 5:20-22 (alleging BARG wrongfully terminated plaintiff "in complete absence of any semblance of 'just cause' as specifically mandated in Section 35(c) of the CBA"); id. at 10:1 (alleging Local 2 breached its duty of fair representation by "failing to grieve any of the issues set forth by Plaintiff," resulting in "serious violations of the CBA")), and, as such, likewise are preempted by federal law, see Allis- Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985) (holding any state law claim "alleging a violation of a provision of a labor contract must be brought under § 301").  Consequently, the Court has subject matter jurisdiction over the instant action by reason of the existence of a federal question.[6]  See Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 599 (9th Cir. 1996)

---

[5] As additional support for her motion, plaintiff argues that the federal removal statute, 28 U.S.C. § 1441, is unconstitutional, that she will be prejudiced if required to learn and abide by the Federal Rules of Civil Procedure and federal statutes, and that removal of the action will raise questions of first impression regarding plaintiff's right to assistance of counsel.  Such arguments do not present legally cognizable grounds for remand.  Further, with respect to the last of said arguments, the Court notes that plaintiff was proceeding pro se in state court prior to removal and, in any event, each of the legal authorities cited by plaintiff in support of such argument concerns a criminal defendant's right to assistance of counsel.

[6] Because plaintiff's remaining claims arise out of the same facts as, and are closely related to, plaintiff's breach of contract claim, the Court need not decide whether the remaining claims also are preempted by federal law; to the extent the remaining claims are not themselves preempted by federal law, the Court may properly exercise pendent jurisdiction over such claims.  See, e.g., Young, 830 F.2d at 999 (finding district court could properly exercise pendent jurisdiction over tort claims based on claims' close relation with § 301 claim).

(holding federal court has "jurisdiction over actions which might have been brought in that court, . . . including all actions arising under federal law").

Second, assuming the state court maintains concurrent jurisdiction over plaintiff's claims, see Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478 (1981) (noting that, when considering jurisdiction regarding federal claims, "the Court begins with the presumption that state courts enjoy concurrent jurisdiction"), such jurisdiction does not limit the scope of this Court's subject matter jurisdiction over plaintiff's claims or prevent removal of the action to federal court, see, e.g., Rissetto, 94 F.3d at 599-600 (holding district court had subject matter jurisdiction over removed case that included § 301 claim).

Accordingly, plaintiff's motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 5, 2008

MAXINE M. CHESNEY
United States District Judge

4