1  NANCY MORRISON O'CONNOR (D.C. Bar #418380)
   Admitted pro hac vice
2  nancy.oconnor@bgllp.com
   BRACEWELL & GIULIANI LLP
3  2000 K Street, Suite 500
   Washington, DC 20006
4  Telephone: (202) 828-5846
   Facsimile: (202) 857-2140
5
   ROBERT E. SHEEDER (TX Bar# 18174300)
6  Admitted pro hac vice
   robert.sheeder@bgllp.com
7  BRACEWELL & GIULIANI LLP
   1445 Ross Avenue, Suite 3800
8  Dallas, TX 75202
   Telephone: (214) 758-1643
9  Facsimile: (214) 758-8340

10 KATHERINE C. HUIBONHOA (SB# 207648)
   katherinehuibonhoa@paulhastings.com
11 JOHN C. POST (SB#233236)
   johnpost@paulhastings.com
12 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
13 Twenty-Fourth Floor
   San Francisco, CA 94105-3441
14 Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
15
   Attorneys for Defendant
16 BAY AREA RESTAURANT GROUP,
   (incorrectly named as HMS HOST, INC.)
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20

21 | LINDA ROVAI-PICKETT,                              | CASE NO. C 08-01625 MMC
22 |                        Plaintiff,                 | **DEFENDANT BARG'S REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS**
23 |                  v.                               |
24 | HMS HOST, INC., HOTEL EMPLOYEES                   |
25 | & RESTAURANT EMPLOYEES LOCAL #2, DOES 1 THRU 50,  | Date:  June 27, 2008
   |                                                   | Time:  9:00 a.m.
26 |                        Defendants.                | Judge: Hon. Maxine Chesney

27

28

Case No. C 08-01625 MMC                    REPLY TO PLAINTIFF'S ANSWER TO
                                           DEFENDANT BARG'S MOTION TO
                                                       DISMISS

COMES NOW Defendant Bay Area Restaurant Group ("BARG"), incorrectly named as "HMS Host, Inc.," one of the defendants in the captioned matter, to reply to the Answer of Plaintiff Linda Rovai-Pickett ("Plaintiff") to Defendant BARG's Motion to Dismiss.

Plaintiff's Answer to Defendant BARG's Motion to Dismiss presents no cognizable legal support and largely fails to address the deficiencies in her pleading as noted in BARG's Motion to Dismiss. Accordingly, BARG respectfully reurges dismissal of each and every one of Plaintiff's claims, with prejudice, on the grounds that her claims are either preempted by Section 301 of the Labor Relations Management Act, are time-barred by applicable statutes of limitation or fail to state a claim upon which relief can be granted.

I. **STATEMENT OF FACTS**

Plaintiff states[1] that she was terminated from her job as a server with BARG on December 5, 2006 for improperly adding a tip to a customer's credit card transaction in violation of BARG policy. Plaintiff further alleges that she was notified of her termination in a hearing held on December 5, 2006 at which she was accompanied by a representative of Defendant UNITE HERE Local 2 ("Local 2"), improperly named as "Hotel Employees & Restaurant Employees Local #2". Plaintiff admits that she later utilized grievance processes under the parties' Collective Bargaining Agreement. On December 3, 2007, Plaintiff filed her original Complaint in the Superior Court of the State of California in San Francisco County. On February 4, 2008, Plaintiff filed her First Amended Complaint.

Plaintiff's First Amended Complaint states claims for wrongful termination, negligent infliction of emotional distress, unfair labor practices, breach of contract, failure to perform duty

---

[1] For purposes of this Motion and Reply, BARG accepts as true all allegations as made by Plaintiff.

Case No. C 08-01625 MMC     -2-     REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT BARG'S MOTION TO DISMISS

of fair representation and defamation of character. As noted by the Court in its Order Denying Plaintiff's Motion to Remand, all of Plaintiff's causes of action arise out of her allegations that BARG wrongfully terminated her in violation of the Collective Bargaining Agreement. Order, Doc. 28, 1:24—2:2. BARG filed its Motion to Dismiss on April 2, 2008, asserting preemption based on Section 301 of the Labor Management Relations Act[2] and dismissal based on the Section 301 statute of limitations or, in the alternative, asserting that Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff filed her Answer to Defendant's Motion to Dismiss on April 23, 2008 and her Supplementary Points and Authorities in support [*sic*] of Plaintiff's opposition [*sic*] to Defendant's Motion to Dismiss on May 29, 2008.

II.  **STATEMENT OF THE ISSUES**

The issues to be decided are:

1) whether Plaintiff's claims are substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract such that they are preempted by Section 301 of the Labor Relations Management Act;

2) whether Plaintiff's claims, which are preempted by Section 301 of the Labor Relations Management Act, are governed by the six-month statute of limitations applicable to Section 301 claims and therefore time-barred and

3) if Plaintiff's claims are not preempted or time-barred, then whether Plaintiff has failed

---

[2] Notably, and as recognized by this Court, Plaintiff expressly acknowledges in her First Amended Complaint that "her claims for wrongful termination and breach of the duty of fair representation arise under Section 301 of the Federal Labor Management Relations Act." Order Denying Plaintiff's Motion to Remand, at 2:27-28, citing First Amended Complaint at 3:14-18.

to state a claim for which relief can be granted.

### III. LAW AND ARGUMENT

#### A. Plaintiff has not demonstrated that tolling of the statute of limitations is appropriate

Plaintiff does not deny that her claims all require interpretation of the Collective Bargaining Agreement and are thus preempted by Section 301.[3] Instead, she argues that the six-month statute of limitations under Section 301 should not begin to accrue until she learned of BARG's intent to cancel the arbitration.[4] Answer at 11:6-12.

In support of her position, Plaintiff cites *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986), for the proposition that the good faith pursuit of internal union grievance procedures tolls the six month statute of limitations, even if those procedures ultimately prove futile. Answer at 12:1-22). However, Plaintiff's reliance on *Galindo* is misplaced. As explained by the court in *Shanks v. N. Cal. Cement Masons Joint Apprenticeship Training Comm.*, 1993 U.S. Dist. LEXIS

---

[3] As noted by the Court in its Order Denying Plaintiff's Remand, Plaintiff does not dispute her breach of contract claim is governed exclusively by the CBA, and "plaintiff's remaining claims arise out of the same facts as, and are closely related to, plaintiff's breach of contract claim. . ." Order at 3:2-4, 25-28. Additionally, Plaintiff's claim for wrongful discharge is "premised on BARG's violation of the CBA. . ." Order at 3:8-10. Accordingly, her claims are preempted by federal law. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

[4] Plaintiff's argument that her causes of action did not "accrue" until she learned of the cancellation of the arbitration is belied by the fact that she filed both her original Complaint and her First Amended Complaint before that arbitration was even scheduled to occur or was cancelled, respectively. Answer at 11:6-12. In addition, Plaintiff has failed to plead sufficiently to support any argument of accrual or tolling of the statute from the date she learned of any alleged cancellation since both her Original and her First Amended Complaints are silent as to the alleged cancellation. The Court can only consider the allegations contained in the complaint and documents attached to the complaint in ruling on a Motion brought pursuant to Rule 12(b)(6), and Plaintiff's First Amended Complaint, which is silent as to alleged cancellation of arbitration, fails to state a claim as a matter of law. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Case No. C 08-01625 MMC          -4-          REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT BARG'S MOTION TO DISMISS

10402, at *14-17 (N.D. Cal. July 27, 1993), the *Galindo* reasoning is not applicable where the employee could not, in good faith, believe that nonjudicial resolution would produce the remedies sought. Plaintiff's own actions show that in fact she did not continue to rely on the Union's actions during this period. As noted in BARG's Motion to Dismiss, Plaintiff knew as early as December 5, 2006 that Local 2 may have breached its duty of fair representation and at the latest knew as of April 16, 2007 when she claims she did not have "any hope or confidence, which was in serious doubt before the receipt of this letter, that Defendant HERE could or would fairly represent . . . Plaintiff's interests in the instant case . . . ." Defendant's Motion to Dismiss at 9:23-24;10:1-9 and 22-28; quoting First Amended Complaint at 28:1-5. Accordingly, Plaintiff could not have been proceeding in good faith with an internal grievance procedure such that the statute of limitations should be tolled.[5]

Plaintiff's recognition of the futility of further pursuing the internal grievance procedures is also demonstrated by her admission that she told Local 2 to abandon any scheduled mediation or arbitration for judicial relief on March 2, 2007, clearly showing her recognition that the internal grievance procedures would not provide the relief she sought. First Amended Complaint at 24:4-13. Moreover, Plaintiff sought injunctive or declaratory relief, neither of which are viable relief under an internal grievance procedure. First Amended Complaint at 24:4-13.

Finally, Plaintiff contends that Local 2 was pursuing the wrong grievance, that she was aware of this fact and that she notified Local 2 of this error at least as early as March 29, 2007. First Amended Complaint at 25:5-26. Local 2's alleged continued pursuit of the wrong grievance after notification by Plaintiff was unequivocal notice by Local 2 to Plaintiff that nonjudicial resolution had failed as of March 29, 2007, thereby eliminating the appropriateness of tolling the

---

[5] Moreover, *Galindo* dealt only with a claim of breach of duty of fair representation. Here, Plaintiff brings numerous claims that are distinct from her fair representation claim though governed by the six month statute of limitations under Section 10(b). Accordingly, even if the reasoning of *Galindo* is applicable here, the only claim for which the statute of limitations should be tolled is her breach of duty of fair representation claim.

Case No. C 08-01625 MMC   -5-   REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT BARG'S MOTION TO DISMISS

1  statute of limitations pursuant to the *Galindo* reasoning. *See Adkins v. Int'l Union of Elec., Radio
2  & Mach. Workers*, 769 F.2d 330, 366 (6th Cir. 1985), disapproved on other grounds in *Guiffre v.
3  Local Lodge No. 1124*, No. 90-3540, 1991 U.S. App. LEXIS 17698 (6th Cir. July 24, 1991) (cited
4  by *Shanks*, 1993 U.S. Dist. LEXIS 10402, at *14-17) ("Certainly, the typical hybrid claim is
5  based on the union's failure to properly process a grievance, so nonjudicial enforcement has
6  already failed").

   **B.    Plaintiff's remaining arguments are irrelevant**

10 Plaintiff's remaining arguments are irrelevant and therefore make a meaningful response
11 difficult. Significantly, Plaintiff does not deny that her claims are preempted by Section 301.
12 Order Denying Plaintiff's Motion to Remand, at 2:27-28, citing First Amended Complaint at
13 3:14-18  Instead, she merely argues that the state court, rather than the federal court, should
14 exercise jurisdiction over those claims presenting concurrent jurisdiction, and she attacks the
15 power and authority of this Court. Such arguments are irrelevant and are insufficient to defeat
16 BARG's Motion to Dismiss or to establish a viable cause of action.

18 **IV.    CONCLUSION**

20 For all of the reasons stated above and in its Motion to Dismiss, BARG respectfully
21 requests that, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, this
22 Court dismiss Plaintiff's claims against BARG with prejudice and grant BARG such other and

1  further relief to which it is entitled.

2

3  DATED: June 12, 2008                BRACEWELL & GIULIANI LLP

4

5                                      By:      /s/
                                            NANCY MORRISON O'CONNOR

6                                       Attorneys for Defendant
                                        BAY AREA RESTAURANT GROUP,
7                                       (incorrectly named as HMS HOST, INC.)

Case No. C 08-01625 MMC        -7-        REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT BARG'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Washington, D.C. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Bracewell & Giuliani, LLP, Suite 500, 2000 K Street, N.W. Washington, D.C. 20006. On June 12, 2008, I filed and served a copy of the following document:

**DEFENDANT BARG'S REPLY TO PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS**

I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the each of the following:

**Jennifer Lynn Marston**      jmarston@leonardcarder.com
**Mathew D. Ross**      mross@leonardcarder.com

I served the foregoing document by placing a true copy thereof in the manner described below to the party named, and at the addressed listed, below:

By placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Washington, D.C., as set forth below.

**Linda Rovai-Pickett**
**17 Queen Anne Court**
**Millbrae, CA 94030**

I declare under penalty of perjury that that the foregoing is correct and that I am employed in the office of a member of the bar of this Court, pro hac vice, at whose direction the service was made.

Executed on June 12, 2008, at Washington, D.C.

*/s/ Amy B. Gullish*
Amy B. Gullish