Linda Rovai-Pickett
17 Queen Anne Court
Millbrae, California, USA
650-873-2188
Plaintiff In Propria Persona

**FILED**
JUN 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Linda Rovai-Pickett,** | ) |
| | ) |
| | ) CASE No. C08 01625 MMC |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) Motion to reconsider |
| | ) |
| HMS Host Inc., | ) denial of Plaintiff's |
| | ) |
| HERE Local #2 | ) Motion to Remand |
| | ) |
| | ) FRCP 59(e) |
| Does 1 thru 50 | ) |
| | ) Date: JUNE 20th 2008 |
| Defendants | ) |
| | ) Time: 9:00 |
| | ) |
| | ) Hon. Maxine Chesney |
| | ) |

Motion to Amend Judgment FRCP 59(e) Page 1 of 5

COMES NOW Plaintiff Linda Rovai-Pickett in her own proper person (*NOT PRO SE* !) to move the court, pursuant to FRCP 59(e), to reconsider Plaintiff's Motion to Remand and to vacate the scheduled hearing date for Defendants' Motion to Dismiss now scheduled for June 27th, 2008 or, in the alternative, to shorten the time for hearing the Motion for Reconsideration in order that such hearing will occur **PRIOR** to defendant's Motion to Dismiss, which order of denial was entered on June 5th, 2008.

The grounds for making the motion are an egregious procedural irregularity where Plaintiff was *NOT SERVED* any of the papers noted in the court's opinion on page one thereof: Defendants' response to Plaintiff's Motion to Remand and Motion to Strike Declaration of William Henshall, which declaration was stricken, in effect, *ex parte without notice to Plaintiff*.

Indeed, Plaintiff was anticipating a summary judgment in *her* favor on what she had every reason to believe was an *unopposed* motion, and was taken by surprise to learn of these phantom pleadings of Defendants.

Motion to Amend Judgment FRCP 59(e) Page 2 of 5

Upon investigation, Plaintiff discovered that opposition to Remand was filed on May 15th, 2008 and a Motion to Strike on May 16th, 2008, but Plaintiff *NEVER* received any of these pleadings and thus was not able to respond to them.

Need it be said that had the Motion not been taken off calendar this matter would have come *immediately* to the court's attention, and the attendant denial of one of the first principles of even 14th "amendment" due process -- notice and opportunity -- would have been in plain view, res ipsa loquitor.

And the denial of this hearing continues the long and frustrating course of events in which Plaintiff has *yet* to be heard in her own defense in any forum, whether administrative, judicial, quasi-judicial or legislative, *eighteen months* after having been wrongfully terminated by Defendant HMS Host.

This denial, coupled with *never* having received Defendants' pleadings, provides one of the grounds for the making of a 59(e) Motion, that is a *clear legal error* and one which will work a manifest injustice to Plaintiff if not corrected. This is so *even in the absence of malfeasance on the part of Defendants,* as in this case, Plaintiff *has exercised due diligence throughout and would*

Motion to Amend Judgment FRCP 59(e) Page 3 of 5

*have been demonstrably eager to respond to any pleadings filed and served by Defendants.*

All the more so in the instant case where Plaintiff now finds herself in a position where, in effect, a summary "default" judgment has been taken against her when for the *FIRST TIME* in *eighteen* months to date, Defendants have, apparently, replied to her pleadings when *DEFENDANTS* are the ones against whom a default judgment should be in order !

Plaintiff stresses here that absolute non-responsiveness of both Defendant HERE Local #2 and HMS Host to any and all of her efforts in the administrative stages of the proceedings as evidence that she had no reason to expect them to file any responsive pleadings at this late date and concluded, not unreasonably on the record, that they were yet again in default.

Needless to say, Defendants had, and have, an *affirmative* obligation to serve any and all pleadings in a timely manner upon Plaintiff, thus *no possible prejudice* could accrue to Defendants pursuant to any relief requested herein.

Motion to Amend Judgment FRCP 59(e) Page 4 of 5

Accordingly, Plaintiff moves the court for the following relief:

1. To schedule a hearing for reconsideration of Plaintiff's Motion to Remand;

2. An order to Defendants, and each of them, to serve *forthwith* copies of all their purported pleadings in the nature of a response to Plaintiff's Motion to Remand and Defendants' Motion to Strike in the instant case (email transmission to Smoolik@SBCglobal.net would be acceptable *in this case*);

3. Vacation of Defendant's hearing date on their Motion to Dismiss until some mutually convenient date *after* the reconsideration on Plaintiff's Motion to Remand, with Plaintiff having due time to respond to Defendant's pleadings in order that Plaintiff have a *full and fair* opportunity to examine Defendants' pleadings and be heard on them;

4. That in the alternative a shortening of time to permit Plaintiff's Motion for Reconsideration of her Motion to Remand be held **PRIOR** to Defendants' Motion to Dismiss on June 27th, 2008;

Date: _____ June 13th _____, 2008

_____
Linda Rovai-Pickett/Plaintiff
In Propria Persona

Motion to Amend Judgment FRCP 59(e) Page 5 of 5

# Proof of Service

I an domiciled in San Mateo County, California. I am over the age of 18 and not a party to the within action. My address is: First Judicial District, P. O. Box 281676 San Francisco, California, USA. On June 12th 2008, I served the following documents in *Case No. 08-01625*:

*Plaintiff's Motion for Reconsideration of Motion to Remand\**

*Declaration of William Henshall in support of Reconsideration*

*Proposed Order*

on the following parties via first class mail postage prepaid *at the Post Office* in San Francisco, California:

| | |
|---|---|
| Matthew Ross | Robert Sheeder |
| @ Leonard Carder LLP | 1445 Ross Avenue Suite 3800 |
| 1330 Broadway Suite 1450 | Dallas, Texas 75202 |
| Oakland, California 94612 | Attorney for Defendant BARG |
| Attorney for Defendant HERE Local #2 | and/or HMS Host Inc. |

I declare, *under penalty of perjury*, under the laws of the State of California that the foregoing is true and correct. Executed at Millbrae, California on June 12th, 2008.

William Henshall/Declarant

\* this document was faxed, on June 12th, 2008, to counsel for defendants at their respective fax numbers as listed in their pleadings