Linda Rovai-Pickett
17 Queen Anne Court
Millbrae, California, USA
650-873-2188
Plaintiff In Propria Persona

**FILED**
JUN 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Linda Rovai-Pickett,** ) | |
| ) | CASE No. *C08 01625* MMC |
| Plaintiff ) | |
| ) | |
| vs. ) | Declaration of William |
| ) | |
| HMS Host Inc., ) | Henshall in support of |
| ) | |
| HERE Local #2 ) | Motion to Reconsider |
| ) | |
| Does 1 thru 50 ) | |
| ) | |
| Defendants ) | |
| ) | |

Declaration in Support of Motion for Reconsideration Page 1 of 5

Having been at Plaintiff's side from day one of the events surrounding her wrongful termination on December 5th, 2006 and assisting her in every way that I could, I can say, without fear of contradiction, that the record in the instant case, both judicially and administratively, will disclose the *scrupulous diligence* of Plaintiff in attempting to right the wrongs which have occurred to her and the equally reprehensible record of *slothfulness, disdain*, and *non-responsiveness* on the part of Defendants throughout.

Indeed Plaintiff has raised substantive claims of violations of law, many related to property rights, and the administrative record is replete with her many and unavailing attempts to get Defendant HERE Local # 2 to advance *clearly meritorious* claims and Defendant HMS Host's denying her any semblance of due process, let alone *judicial* process, in either mediation, or in running away from an arbitration they knew they were certain to lose.

As against this backdrop, it should be *crystal clear* to any trier of fact that Plaintiff would have responded, meaningfully and timely, to any pleadings of Defendants, and each of them, which she would have received, most especially pursuant to my declaration which Defendants' moved successfully, albeit stealthily, to strike from the record, in which I have endeavored,

based on my *two decades plus* of intense, passionate study of the Constitution, laws, and history of the united States. to present issues central to the jurisdiction of this court, with special emphasis on the interstate commerce jurisprudence of the supreme Court, which even they recognize is in *serious* need of review.

And I believe it most reasonable, despite the regrettable loss of time involved, this in addition to the dilatory and, frankly, bad faith, tactics of Defendants in the administrative arena, which have resulted in, to date, *eighteen months* of delay to resolve issues that could and should have been resolved in *less than one month*, with due diligence on the part of Defendants, that Defendants hearing date be vacated in order that Plaintiff have a *full and fair* opportunity to examine and respond to their pleadings, and this is so even if no irregularities in service of process appear upon the record, due to the violation of the first principles of even 14th "amendment" due process inherent in this situation.

Again, not to seem overly redundant, this situation, where Plaintiff has not received pleadings, does nothing but *add* to the importance of the public policy considerations, with this type of situation, where a pro per Plaintiff is challenging a wrongful termination, is to my knowledge rarely if ever prosecuted, due in

large part, to the manifest complexities of federal law and procedure (which have been duly addressed elsewhere, alas, to no apparent avail) and to economics: not one in one hundred thousand wrongfully terminated "employees" would be able to withstand the loss of job and earnings and the ceaseless delays conjured by crafty counsel to be able to survive to get such a case to trial, and fewer still would have a ready, reliable, and *affordable* source of legal expertise, such as it has been my pleasure to provide.

And about this "*pro se*" business: I have counseled Plaintiff to be careful and emphatic about her status as a *pro per litigant* proceeding in, in effect, *her own court*, as opposed to an *artificial* entity whose *privileged* existence *requires* them to be represented by counsel.

Thus Plaintiff cannot be held to the same standard as an attorney, most especially courtesy of a *fiction of law* that she *HAS* somehow acquired the requisite knowledge of an attorney, which knowledge I might not fully have acquired, even after so prolonged a period of study of law.

Declaration in Support of Motion for Reconsideration Page 4 of 5

And Plaintiff very much *does* want to be represented by counsel, and has made *diligent*, if unproductive, efforts to obtain such representation, and I believe a strong case can be made for a *right* to representation of such counsel, perhaps even pro bono, which is outside the scope of this declaration, but which has been suggested by the pleadings to date.

I ask for the court's indulgence as to the length of this declaration, which would not be necessitated if in fact I had access to the court (and there has *yet* to be proffered any semblance of legal authority by which this Draconian deed has been achieved, and this in a system of *republican* government which I had heretofore supposed to be based on the rule of *law* see e.g. <u>*Yick Wo v Hopkins 118 US 356*</u>, regrettably a 14th "amendment" decision, but not without some probative value nonetheless ).

## JURAT

I, William Henshall, declare, under penalty of perjury, that all facts stated herein are true of my own personal knowledge, except those matters stated upon information and belief and that this declaration was executed in Millbrae, California on June 12, 2008.

*/s/ William Henshall*
William Henshall/Declarant

Declaration in Support of Motion for Reconsideration Page 5 of 5