Linda Rovai-Pickett
17 Queen Anne Court
Millbrae, California, USA
650-873-2188
Plaintiff In Propria Persona

FILED
JUN 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Linda Rovai-Pickett, | ) |
| | ) |
| | ) CASE No. *C08 01625* MMC |
| Plaintiff | ) |
| | ) |
| | ) Response to Defendants |
| vs. | ) |
| | ) Opposition to Plaintiff's |
| HMS Host Inc., | ) |
| | ) Opposition to Motion to |
| HERE Local #2 | ) |
| | ) Dismiss |
| | ) |
| Does 1 thru 50 | ) June 27th, 2008 |
| | ) |
| Defendants | ) 9:00 AM |
| | ) |
| | ) Hon. Maxine Chesney |
| | ) |

Rebuttal of Defendants Opposition to Plaintiff's Opposition to Dismissal Page 1 of 9

COMES NOW Plaintiff Linda Rovai-Pickett *in propria persona sui juris*, appearing *specially* and not generally herein, to respond to Defendants' Opposition to Plaintiff's Opposition to their Motion to Dismiss.

## Table of Cases

| | |
|---|---|
| *Ashwander v TVA 297 US 288* ............................... | 5 |
| *Colonnade Catering v US 397 US 72* ........................ | 6 |
| *Galindo v Stoody 793 Fed 2nd 1502* ........................ | 7 |
| *US v Butler 297 US 1* ............................... | 5 |
| *US v Biswell 406 US 311* ............................... | 6 |

### STATEMENT OF FACTS

Plaintiff was wrongfully terminated by Defendant HMS Host and very probably with the active cooperation of Defendant HERE Local # 2, accused of, in effect (and as mentioned in Defendant HERE Local # 2's answer to her complaint) *theft* of the property of a patron of the company in the form on an alleged added tip of *four dollars (!)*.

This accusation was made against Plaintiff *30 days after* the alleged occurrence of the wrongdoing, and in a "hearing" of which Plaintiff had *no effective notice* either in terms of time or subject matter; indeed Plaintiff believed, not without reason, based on her 24 + years of long and outstanding years of service that she was being awarded for her hard work and efficiency for Defendant HMS Host Inc.

At this "hearing", at which Plaintiff was accompanied by Richard Kuan, an agent of Defendant HERE Local # 2 (but who took no active part at the hearing and whose silence at these proceedings was deafening with lack of support for Plaintiff), and at which time the decision to terminate Plaintiff *had already been made*, was neither confronted by witnesses against her nor was any evidence of the alleged wrongdoing anywhere to be seen.

Indeed, the only 'evidence' proffered against Plaintiff was a copy of the credit card receipt which showed a line through the tip area and *no entry* of a tip whatsoever (*Exhibit "A"* attached hereto). As best as Plaintiff can understand it, the *sole* allegation against her, which would have warranted, perhaps, a suspension, *if true*, was based on an entry in the microsystem of Defendant HMS Host, a system rife with inaccuracies and inconsistencies that the existence of such evidence, *NEVER* produced, would not and could not rise to the level of burden of proof necessary for *any* disciplinary action.

And even had the opportunity to be heard been provided, and it *WAS NOT*, so much time had elapsed since the occurrence of the alleged wrongdoing that Plaintiff would not have been able to recall the details of so minor a transaction so as to be able to defend against the charge.

From day one, Plaintiff knew that there were *NOT* grounds for her termination, thus she vigorously and repeatedly prodded Defendant HERE Local # 2 to grieve the many meritorious claims presented to them by Plaintiff (*NOT*, notably, raised sua sponte by Defendant HERE Local #2, a union ostensibly having trained personnel for the purpose of discharging their

Rebuttal of Defendants Opposition to Plaintiff's Opposition to Dismissal Page 3 of 9

duty of fair representation to their constituent members).

The record is replete with the diligent efforts of Plaintiff to obtain an early and favorable resolution of the unfortunate situation giving rise to the instant case, and just as clear and unambiguous, as set forth in the complaint, as to Defendant HERE Local #2's total lack of interest in any of her assertions and concomitant failure to fairly represent her interests.

Had such an effort occurred, Plaintiff has good reason to believe, based on the later about face by Defendant HMS Host when confronted with an arbitration they were certain to lose, this matter could and should have been resolved *within one month*, not the *eighteen* months for which these proceedings have currently dragged on, with no end in sight.

Thus with one of the clearest cases imaginable for wrongful termination, Plaintiff finds herself in a position where she has *NEVER* been heard in her own defense either in the administrative proceedings, the abortive State Court proceedings, or, now, the instant federal proceedings.

## STATEMENT OF THE ISSUES

A better and more accurate statement of the issues would be:

1. Whether Plaintiff is entitled, as a matter of right, to any *judicial* process in her attempt to secure redress of grievance and justice for the injuries inflicted upon her;

2. The scope of Congress' Interstate Commerce powers, most especially if as construed they would abrogate *all* access to the *judicial* department of government, State or federal;

3. Whether Plaintiff has timely filed against Defendants, and each of them;

Given the indulgence by the Courts that Congress has acted within the scope of it's powers (see e.g. ***Ashwander v TVA 297 US 288,342***), it certainly seems only fair to conclude that Congress has enacted laws "in pursuance of *this* Constitution" (***Article VI, Section 2***).

This in turn raises the issue of constitutionality of a statute by the time honored method set forth by the Court in ***US v Butler 297 US 1***:

> When an act of Congress is appropriately challenged in the courts as not conforming to the constitutional mandate, the judicial branch of the Government has only one duty -- to lay the article of the Constitution which is invoked beside the statute which is challenged and to decide whether the latter squares with the former

It then needs to be determined which provision of the Constitution is at issue and whether that provision, in case of an amendment, forms a part of the Constitution or apllies in a given case, or, in the case of an original provision, whether the *original* intent of that provision is being followed.

Plaintiff has claimed forthrightly, timely, and with considerable support, that the Interstate Commerce powers of Congress do *NOT* extend to areas having, at best, minimal, if any, connection with interstate commerce, most especially as against the claims of rights secured by the Constitution to

*lawful de jure State Citizens*.

It could be true that Defendant HMS Host, in it's *artificial corporate capacity CAN* be regulated by interstate commerce enactments in many areas, but not all activities affect interstate commerce and different lines need to be drawn when dealing with the de jure Citizenry, who have *NOT*, and cannot be construed to have, made a 'voluntary entry into a regulated enterprise' (*Colonnade Catering v US 397 US 72, US v Biswell  406 US 311*), most especially be accepting privileges of *limited liability* and *unlimited life*.

Too much has been made by Defendants regarding Plaintiff's diligent and fruitless efforts to obtain administrative relief. For example, the demand or a stay of mediation by Plaintiff was made, not with the idea that no relief would be obtained, but due to a *scheduling conflict* of which Defendant HERE Local # 2 was made aware. Indeed, had Plaintiff not exercised such diligence, Defendants would no doubt be claiming that she did not *TIMELY* raise issues and waived her right to do so !

To be sure, Plaintiff was never too hopeful of getting any justice via the administrative avenue, and the facts eloquently and irrefutably bear this out. That is *NOT*, however, the same thing as having *NO* hope for success on the merits, for even in the absence of the grieving of Plaintiff's substantive claims, even a far weaker grievance might have succeeded on the merits, at least to an extent, given the facts of this case.

Rebuttal of Defendants Opposition to Plaintiff's Opposition to Dismissal Page 6 of 9

Plaintiff cannot be construed to have abandoned hope in the process, an anomalous outcome certainly never contemplated by the framers of the FLRA and other acts. Plaintiff did, however, after learning of the intrinsic difficulties in the area of limitations of actions, act *prudently* by filing her state court action *within one year* of what might be construed, for all she knew, as the running of the statute for her wrongful termination.

With administrative proceedings pending, albeit *long delayed*, this seemed the safest course of action. And this court may be sure that had Plaintiff *NOT* filed the State court action that Defendants would be raising an even greater howl as to the violation of their procedural 'rights' and the running of the statute of limitations (and, perhaps, with a better case).

And Plaintiff was aware of the penchant of Defendants to raise, and the courts to dismiss, claims based on a failure to exhaust administrative remedies. Thus, again, the safest course for Plaintiff was to make every *good faith* attempt to seek administrative relief, notwithstanding her under- standably apprehensive feelings about her prospects at the hands of Defendant Here Local #2.

Defendants proffer several cases in rebuttal of *Galindo v Stoody 793 Fed 2nd 1502*, a decision in which a common sense approach to the limitations argument was discussed, as set forth in her pleadings, which set forth Draconian provisions in the area of limitations determinations.

If the court accepts Defendants arguments about the use of a highly subjective 'standard' of when Plaintiff knew, or should have known' about the futility of the administrative proceedings, which then operate as a trigger for the running of the statute of limitations, Defendant Employers would have at their disposal, in addition to the *massive* advantages already in their arsenal, tools to induce the Courts to dismiss *ANY* and *ALL* cases that come before them on either Plaintiffs *failure* to exhaust remedies or the *failure* to believe that such *required* remedies would produce the results envisioned by the lawmakers who enacted the statutory schemes for their protection !

In the alternative Plaintiffs, most especially pro per Plaintiffs who are *not able to afford, or otherwise obtain*, assistance of counsel, a daunting task to which Plaintiff herein can attest, which counsel might be likewise, and not unreasonably, confused about this issue, are left with the proverbial Hobson's choice of naming their procedural poison.

To adopt such "standards" for the determination of the rights of a Plaintiff to proceed against Employers and/or Unions is to effectively strike all of the labor laws off the books, executed by judicial fiat. And the issue of the *separate* accrual of cause of actions against Employers and Unions hasn't even been addressed !

In conclusion, Plaintiff again notes that no attempt has been made by Defendants to refute her "unintelligible" claims in re limitations on the extent and scope of Congress' Interstate Commerce powers, which issues are urged on the court for decision herein.

*[signature]*
Linda Rovai-Pickett/Plaintiff
***In Propria Persona***

Linda Rovai-Pickett
17 Queen Anne Court
Millbrae, California, USA
650-873-2188
Plaintiff In Propria Persona

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Linda Rovai-Pickett,** ) | |
| ) | |
| ) | CASE No. *C08 01625* |
| Plaintiff ) | |
| ) | |
| ) | Exhibit "A" to Plaintiff's |
| vs. ) | |
| ) | Response to Defendants' |
| HMS Host Inc., ) | |
| ) | Opposition to Plaintiff's |
| HERE Local #2 ) | |
| ) | Opposition to Motion |
| ) | |
| Does 1 thru 50 ) | to Dismiss: |
| ) | |
| Defendants ) | Credit Card Receipt of |
| ) | |
| ) | Disputed Transaction |
| ) | |

```
HMSHOST
BUENA VISTA
SAN FRANCISCO INT'L AIRPORT
CHECK:     7313
TABLE:     121/1
SERVER:    4577 Linda
DATE:      NOV05'06  2:26PM
CARD TYPE: VISA      AD 4*
ACCT #:    XXXXXXXXXXXX4606
EXP DATE:  XX/XX
AUTH CODE: 084181

SUBTOTAL:          12.98
I AGREE TO COMPLY WITH THE CARD
HOLDER AGREEMENT.

TIP    _____

TOTAL  _____$12.98_____

SIGNATURE _____
```

# *Proof of Service*

I an domiciled in San Mateo County, California. I am over the age of 18 and not a party to the within action. My address is: First Judicial District, P. O. Box 281676 San Francisco, California, USA. On June 17th 2008, I served the following document in *Case No. 08-01625*:

## *Plaintiff's Response to Defendants' Opposition to Plaintiff's Opposition to Motion to Dismiss**

on the following parties via first class mail postage prepaid *at the Post Office* in San Francisco, California:

Matthew Ross
@ Leonard Carder LLP
1330 Broadway Suite 1450
Oakland, California 94612
Attorney for Defendant HERE Local #2

Robert Sheeder
Bracewell & Guiliani LLP
1445 Ross Avenue Suite 3800
Dallas, Texas 75202
Attorney for Defendant BARG and/or HMS Host Inc.

Nancy O'Connor
Bracewell & Guiliani LLP
2000 'K' Street NW  Suite 500
Washington DC 500
Attorney for Defendant BARG and/or HMS Host Inc.

I declare, *under penalty of perjury*, under the laws of the State of California that the foregoing is true and correct. Executed at Millbrae, California on June 17th, 2008.

_____
William Henshall/Declarant

* this document was faxed, on June 17th, 2008, to counsel for defendants at their respective fax numbers as listed in their pleadings