Linda Rovai-Pickett
17 Queen Anne Court
Millbrae, California, USA
650-873-2188
Plaintiff In Propria Persona

FILED
JUN 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Linda Rovai-Pickett,          )
                              )
                              )    CASE No. C08 01625 MMC
            Plaintiff         )
                              )
                              )
                              )
       vs.                    )
                              )    Statement of Plaintiff in
HMS Host Inc.,                )
                              )    support of Motion to
HERE Local #2                 )
                              )    reconsider denial of
                              )
Does 1 thru 50                )    Motion to Remand
                              )
            Defendants        )
                              )
                              )
_____)

*Plaintiff's Statement in Support of Motion to Remand Page 1 of 7*

Plaintiff wishes to again express thanks to all concerned parties and personnel for patience and consideration in the handling of the unfortunate situation which arose pursuant to her Motion to Remand.

Not knowing if she will be permitted to file opposition pleadings in support of her Motion to Remand, given the extraordinary circumstances present with the Motion to Reconsider, the following brief points are set forth in support of the reconsideration of Plaintiff's Motion to Remand:

### Table of Cases

*Ashwander v TVA* 297 US 288 ........................... 4
*Atwater v Lago Vista* 532 US 318 ....................... 5
*Cohens v Virginia* 6 Wheat. 264      ..................... 6
*DeLovio v Boit* 2 Gallison 398 ............................ 2

### Arguments

1. That Defendants have *not* themselves responded to Plaintiff's denial *that her job in any way involved interstate commerce -- this alone serves to distinguish the vast majority of their supporting authorities where it WAS "stipulated" by the parties that such cases DID involve interstate commerce.*

And this is one of the areas where the supreme Court might well desire to make some distinctions as to the scope of the interstate commerce clause as it has *clearly* indicated in cases cited in the moving papers;

*Plaintiff's Statement in Support of Motion to Remand Page 2 of 7*

2,  That defendants claim, *incorrectly*, that Plaintiff is conceding at least concurrent federal jurisdiction relative to bringing issues arising about a Collective Bargaining Agreement (CBA) . *NOT SO* -- her position is that with no interstate commerce issues arising that there is *NO* federal jurisdiction and that, in any event, the nature of the contract in the instant case would *clearly* have been identified by the courts as being *local* in nature in a long line of decisions prior to the infamous "*switch in time*" by Justice Owen Roberts in 1935;

Also many questions about the nature and extent of federal jurisdiction have been *squarely* raised and *NOT* denied by Defendants, most especially the connection between interstate commerce and the admiralty & maritime jurisdiction (***De Lovio v Boit 2 Gall. 398***; "*a jurisdiction foreign to our Constitution and unacknowledged by our laws*" -- *Declaration of Independence*) and these arguments must now be *presumed* to be admitted as a matter of law;

3.  That based on the facts of the case, and Defendants *seriously misconstrue* these facts in their pleadings, that Defendants might well be barred from a *court of equity*, if that is the jurisdiction involved here, pursuant to the "*clean hands*" doctrine, as they are, and have been, at fault from day one of their wrongful termination of Plaintiff;

4.  That Defendants have *NOT* sustained their burden of proof to establish federal jurisdiction, most particularly in view of Plaintiff

*Plaintiff's Statement in Support of Motion to Remand Page 3 of 7*

having challenged the cases-in-chief upon which they *MUST* rely to establish such jurisdiction, with the intent of having such decisions reviewed at least as to the *extent of their application*, if not being outright reversed and Defendants have raised no opposition to this;

5. That even assuming the facts most favorable to Defendants, forum selection should favor Plaintiff as a *lawful de jure State Citizen* as against claims from *artificial de facto national* 'citizens' (if 'citizens' they be -- and there are supporting authorities cited which make their 'citizenship' an open question); *NO* prejudice could possibly accrue to Defendants in State court, but *substantial* prejudice could, and almost certainly will, accrue to Plaintiff in federal court;

6. That Plaintiff calls the attention of the court to the proof of service on her Motion to Remand, noting that copies were duly served on California Attorney General Jerry Brown and Solicitor General Paul Clement, which such service constituting substantial compliance with *28 USC 2403(a-b)* for the purposes of raising the issue of the application or constitutionality of *28 USC 1441* in the instant case.

Accordingly, Defendants' failure to rebut the assertions of Plaintiff in this regard, coupled with the non-responses by appropriate government officials, *does* raise the issues as set forth, supra.

*Plaintiff's Statement in Support of Motion to Remand Page 4 of 7*

In this regard, and no doubt others arising in the instant case, Plaintiff asserts that the standard to be applied to this question emanates from the "*Ashwander doctrine*" of the supreme Court -- *Ashwander v TVA 297 US 288,341*:

> "When the validity of an act of Congress is drawn into question and even if serious doubt of Constitutionality is raised, it is a *cardinal principle* that this court will first ascertain whether a construction of the statute is fairly possible by which the question may be avoided."

Plaintiff thus concedes that she is trying to seek a construction of *28 USC 1441*, not to mention other matters of law, to distinguish the instant case in order to secure the justice, redress of grievance, and trial by jury secured by the *Constitution of the united States* and the *California Constitution*.

In addition, Plaintiff realizes that differing views of appellate courts are a fruitful source of review by higher authority and, having a seemingly perfect case on the facts thereof, important questions of law relevant not only to the instant case, but to substantive issues of the public policy of the labor laws, and the intent of the framers thereof, can be at long last addressed at the instance of one having status and standing to bring such issues for hearing and decision in the judicial department of government as is her right.

Of course even having the 'perfect' case, as Justice O'Connor opined to petitioners in *Atwater v Lago Vista 532 US 318*, isn't enough, as the heartbreaking decision in that case demonstrated, but there counsel asked the *wrong* question, a mistake which will *not* be repeated herein.

*Plaintiff's Statement in Support of Motion to Remand Page 5 of 7*

7. As to the Motion to Strike the Declaration of William Henshall in support of Plaintiff's Motion to Remand, Defendants rely upon local Court rules (*7-5(b)*) of which Plaintiff was unaware and which, in any event must give way, as against the overarching mission of the government ordained and established by the Framers of the Constitution to secure justice and liberty to "We the People" (see e.g. **Cohens v Virginia 6 Wheat. 264**).

Yet again the assertion of prejudice to Plaintiff in federal court rears its ugly head. Plaintiff did not wish to be here, certainly not in her own proper person *without assistance of counsel*, assistance which she has tried *diligently* and unsuccessfully to obtain, even in as strong a case as this seems to be, and especially in federal court, against not only fully armed and represented *artificial* adversaries, but ones who have pooled their efforts in a curious combination of corporate collectivism to counteract Plaintiff herein.

Who knew when reading Defendant HERE Local # 2's catch phrase "Unite HERE" just what unity was *really* being referred to !

In summary, Defendants argument that Plaintiff be bound by Local rules, as if the 1400 pages of the *FRCP* weren't enough, again underscores the prejudice *certain* to accrue to Plaintiff in federal court. Furthermore, just as with the general question of jurisdiction, Plaintiff cannot seem to locate anywhere the seemingly ever elusive "*consent of the governed*" to be in

*Plaintiff's Statement in Support of Motion to Remand Page 6 of 7*

federal court or to be restrained by local rules, most particularly a rule so ambiguous and confusing as to be, in effect, unenforceable.

Mr. Henshall advises Plaintiff that the issues raised pursuant to his being barred from federal buildings in general, and this court in particular, do bear directly upon the jurisdiction of this court, these assertions based on his decades of study of the Constitution and laws of the united States. Further, having made such declaration *under penalty of perjury*, Plaintiff is authorized to say that Mr. Henshall cheerfully invites an action against him, most especially a perjury charge (where *in custody* under such a charge he *COULD* get into this court !).

In addition, Plaintiff notes that Mr. Henshall shares common interests with her in seeing to it that issues of the sort arising in the instant case are effectively, forcefully, and timely asserted in this case as he also has worked for many years in a job with a CBA (of highly questionable application in his case, to be sure), and the general interests of "*We the People*", and a duty of de jure Citizenship, in seeing to it that government functions as it should, in *pursuance* of the Constitution, *not in contravention of it*.

Thus the declaration should be admitted in its entirety to set the record and to inform the conscience of the court as well.

_____
Linda Rovai-Pickett/Plaintiff

*Plaintiff's Statement in Support of Motion to Remand Page 7 of 7*

# Proof of Service

I an domiciled in San Mateo County, California. I am over the age of 18 and not a party to the within action. My address is: First Judicial District, P. O. Box 281676 San Francisco, California, USA. On June 16th 2008, I served the following document in *Case No. 08-01625*:

**Plaintiff's Statement in Support of Motion to Reconsider denial of Motion to Remand\***

on the following parties via first class mail postage prepaid *at the Post Office* in San Francisco, California:

Matthew Ross
@ Leonard Carder LLP
1330 Broadway Suite 1450
Oakland, California 94612
Attorney for Defendant HERE Local #2

Robert Sheeder
Bracewell & Guiliani LLP
1445 Ross Avenue Suite 3800
Dallas, Texas 75202
Attorney for Defendant BARG and/or HMS Host Inc.

Nancy O'Connor
Bracewell & Guiliani LLP
2000 'K' Street NW  Suite 500
Washington DC 500
Attorney for Defendant BARG and/or HMS Host Inc.

I declare, *under penalty of perjury*, under the laws of the State of California that the foregoing is true and correct. Executed at Millbrae, California on June 16th, 2008.

*William Henshall*
William Henshall/Declarant

\* this document was faxed, on June 16th, 2008, to counsel for defendants at their respective fax numbers as listed in their pleadings