IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROVAI-PICKETT, | No. C-08-1625 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BARG'S MOTION TO DISMISS** |
| v. | |
| HMS HOST, INC., et al., | |
| Defendants. | |

Before the Court is the motion, filed April 2, 2008 by defendant Bay Area Restaurant Group ("BARG"),[1] to dismiss the above-titled action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. On April 23, 2008, plaintiff filed opposition, and, on May 29, 2008, filed "Supplemental Points and Authorities" in support of such opposition. On June 12, 2008, BARG filed its reply thereto.[2] Having considered the parties'

---

[1] Defendant BARG asserts it was incorrectly named in the complaint as "HMS Host, Inc." (See Def. BARG's Opp'n at 2:1-2.)

[2] Plaintiff thereafter filed a sur-reply without seeking leave to do so. (See Pl.'s Resp. to Def.'s Opp'n to Pl.'s Opp'n to Mot. to Dismiss, filed June 18, 2008.) Rule 7-3(d) of the Civil Local Rules provides that, with one exception not applicable here, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." See Civ. L.R. 7-3(d). Accordingly, plaintiff's sur-reply is hereby stricken. The Court notes, however, that consideration of such sur-reply would not affect the Court's conclusion herein, as plaintiff's sur-reply concerns the scope of the Commerce Clause and statute of limitations, which legal principles are addressed in plaintiff's opposition.

submissions in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument,[3] and rules as follows.

On December 5, 2006, BARG terminated plaintiff's employment as a food server. On December 3, 2007, plaintiff filed her original complaint in state court, and thereafter, on February 4, 2008, filed her First Amended Complaint ("FAC"). In her FAC, plaintiff asserts six causes of action, all arising out of plaintiff's allegations that BARG wrongfully terminated her employment without "just cause," in violation of the applicable collective bargaining agreement ("CBA"), (see, e.g., FAC at 5:19-22), and that Local 2 thereafter failed to fairly represent plaintiff in subsequent proceedings, (see, e.g., id. at 9:9-12). Plaintiff brings the following claims against BARG: (1) wrongful termination; (2) negligent infliction of emotional distress; (3) unfair labor practices; (4) breach of contract; and (5) defamation of character. Plaintiff brings a single claim against defendant Hotel Employees & Restaurant Employees Local #2 ("Local 2"), for breach of its duty of fair representation. On March 26, 2008, defendants removed the action to federal court on the ground plaintiff's claims are preempted by federal law.

In the instant motion, BARG again asserts that each of the claims brought against it is preempted by federal law, in particular, § 301 of the Labor Management Relations Act ("§ 301"), 29 U.S.C. § 185, and further asserts that each such claim is barred by the six-month statute of limitations applicable to "hybrid Section 301/fair representation claims."[4] (See Def. BARG's Mot. to Dismiss at 9:13-21.) BARG argues in the alternative that plaintiff fails

---

[3] After BARG's motion to dismiss was fully briefed, the Court vacated the June 27, 2008 hearing on the matter to afford plaintiff the opportunity to file a motion for reconsideration with respect to the denial of her motion to remand. (See Order filed June 19, 2008.) Thereafter, on July 31, 2008, the Court denied plaintiff's motion for reconsideration, and, consequently, BARG's motion is properly before the Court at this time.

[4] In its motion, BARG argues plaintiff's claim against Local 2 likewise is subject to dismissal, both on grounds of preemption and as time-barred. (See, e.g., Def. BARG's Mot. to Dismiss at 7:3-10, 9:13-10:9.) The Court does not address such argument for dismissal, for the reason that Local 2 has filed an answer in lieu of moving to dismiss on such grounds. (See Def. Local 2's Answer to Complaint and Affirmative Defenses, filed April 2, 2008.)

2

to state a claim for defamation or a claim for wrongful discharge, to the extent the latter claim is based on a violation of public policy rather than a violation of the CBA.

For the reasons set forth below, the Court finds plaintiff has failed to state a claim for defamation and for wrongful termination, insofar as such claims are premised on any violation other than a violation of the CBA. With respect to plaintiff's remaining claims against BARG, the Court finds each such claim is preempted by § 301, but that BARG has failed to show such claims accrued more than six months prior to plaintiff's initiation of the instant action.

**1. Plaintiff Fails to State a Claim for Defamation or Wrongful Termination as a Violation of Public Policy**

BARG argues plaintiff has failed to state a claim for defamation, for the reason that the relevant statements are either privileged under California law, or, to the extent such claim is based on statements other than those that are privileged, plaintiff has failed to identify any statement made by BARG, as opposed to potential future statements or those made by a third party. BARG further asserts plaintiff fails to state a claim to the extent her wrongful termination claim is founded on a violation of public policy rather than a violation of the CBA.

Plaintiff's defamation claim is premised on three categories of statements, as set forth below. First, to the extent plaintiff's defamation claim is based on statements concerning the circumstances of plaintiff's termination made in the context of Employment Development Department proceedings, such statements are privileged. See Cal. Civ. Code § 47(b) (providing publication or broadcast made in a "official proceeding authorized by law" is privileged); Williams v. Taylor, 129 Cal.App.3d 745, 754 (1982) (holding statements made to Department of Employment Development by former employer regarding reasons for plaintiff's dismissal "were absolutely privileged because they were made in connection with an official proceeding"). Second, to the extent the claim is based on statements made in the context of grievance proceedings, such statements likewise are privileged where, as here, plaintiff does not allege such statements were published to

persons lacking a legitimate interest in them.  See Hyles v. Mensing, 849 F.2d 1213, 1217 (9th Cir. 1988) (holding "statements that are made in grievance proceedings established by a CBA and are not published to persons lacking legitimate interests in them are privileged").  Third, to the extent the claim is based on negative comments in plaintiff's credit report, plaintiff fails to identify any statement attributable to BARG, and to the extent the claim is based on statements plaintiff alleges BARG could, potentially, make in the future, no such statement is actionable until actually made.  Accordingly, plaintiff's claim for defamation is subject to dismissal.

Plaintiff's wrongful termination claim, to the extent such claim may be based on a violation of public policy rather than a violation of the CBA, is premised on alleged "disparate treatment" of others with respect to BARG's "zero tolerance" drug and alcohol policy, and plaintiff's potential for becoming a "whistleblower" due to her "knowledge of [BARG's] lax enforcement of its zero tolerance policy."  (See FAC at 5:24-6:10.)[5]  Plaintiff fails, however, to identify "a fundamental public policy embodied in a statute or constitutional provision" that would be implicated by the alleged discrepancies in enforcement of an internal policy, see Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1256 (1994) (holding "failure to identify a statutory or constitutional policy that would be thwarted by [plaintiff's] alleged discharge dooms his cause of action" for wrongful termination in violation of public policy), and a claim for wrongful termination "is not a vehicle for enforcement of an employer's internal policies," see id.

**2. Plaintiff's Remaining Claims Against BARG Are Preempted by Section 301**

By order dated June 5, 2008, the Court previously ruled that plaintiff's claims for wrongful termination and breach of contract are preempted by § 301, (see Order filed June 5, 2008 at 3:2-16), but did not decide therein whether plaintiff's claims for negligent infliction of emotional distress and unfair labor practices likewise are preempted, (see id. at 3 n.6).  The Court now rules on the latter two claims.

---

[5] Plaintiff does not allege she was terminated for substance abuse nor does she allege she actually became a whistleblower.

4

"The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted).  In other words, a state tort claim is preempted when "evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract."  See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985).

Here, plaintiff's claim for negligent infliction of emotional distress is preempted by § 301, as the claim is based on plaintiff's allegations that she suffered distress due to "the loss of her long time job for no reason" and "the stigma of such wrongful discharge," (see FAC at 6:18-20); in essence, plaintiff alleges she suffered emotional distress because of her wrongful discharge in violation of the CBA.  See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002 (9th Cir. 1987) (holding claim for negligent infliction of emotional distress due to wrongful discharge "is inextricably intertwined with the interpretation of the CBA" and preempted by § 301).  Plaintiff's claim for unfair labor practices likewise is preempted by § 301; the claim is based on BARG's asserted failure, in terminating plaintiff, to follow proper procedures under the CBA.  (See e.g., FAC at 7:26-28 (alleging failure to impose "progressive discipline scheme," as mandated by specified provision of CBA)); see Allis- Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985) (holding any state law claim "alleging a violation of a provision of a labor contract must be brought under § 301").

Accordingly, the Court construes each of plaintiff's four remaining claims against BARG as having been brought under § 301 of the Labor Management and Relations Act.

**3. Plaintiff's Remaining Claims Against BARG Are Not Barred by the Statute of Limitations**

A six-month period of limitations applies to a "hybrid" § 301/fair representation suit, such as the instant action, in which an "employee alleges that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation." See Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 403-04 (9th Cir. 1990) (citing

DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983)).

It remains an open question in the Ninth Circuit whether accrual of such an action "occurs when the employee learns, or should have learned, that his dispute was finally resolved, . . . or whether accrual occurs when the employee learns, or should have learned, that the union may have violated its duty of fair representation." See Galindo v. Stoody Co., 793 F.2d 1502, 1510 (9th Cir. 1986) (citations omitted). Irrespective of the accrual date, where, as here, the claim is "not based on how a grievance is presented to an arbitrator," the running of the statute of limitations "is tolled while good faith attempts are made to resolve that claim through grievance procedures." See id. at 1510.

Here, plaintiff alleges in the FAC that she had begun grievance proceedings and participated in such proceedings, (see, e.g., FAC at 29:1-2 (alleging mediation occurred on May 2, 2007)), but that the proceedings were not yet completed, (see FAC at 32:1-2 (alleging "an arbitration date has been set, but not until February 25th, 2008")). In light of plaintiff's allegation that grievance proceedings were ongoing and arbitration was scheduled for February 25, 2008, accrual of the action was tolled at least for the period such arbitration was pending, and, thus was tolled at least through the date of the filing of the FAC on February 4, 2008. Although it appears plaintiff's § 301/fair representation suit may have been premature,[6] the action did not accrue earlier than February 4, 2008, and, consequently, BARG has failed to demonstrate the action is time-barred.

## CONCLUSION

Accordingly, BARG's motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to plaintiff's defamation claim, as well as plaintiff's claim for wrongful termination to the extent such claim is based on a violation of public policy, and such claims are hereby DISMISSED.

---

[6] Neither defendant has moved to dismiss on the ground that plaintiff filed the instant action without having exhausted applicable contractual prerequisites to suit, nor has either defendant argued the instant action otherwise is barred under the CBA.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 26, 2008

                                            MAXINE M. CHESNEY
                                            United States District Judge