IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROVAI-PICKETT,<br><br>    Plaintiff,<br><br>  v.<br><br>HMS HOST, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C-08-1625 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE; DENYING PLAINTIFF'S MOTION FOR ADMISSION OF WILLIAM HENSHALL TO FEDERAL BUILDING** |

      Before the Court are plaintiff's "Motion in Limine," filed March 27, 2009, and plaintiff's "Motion for admission of William Henshall to Federal Building/Court," likewise filed March 27, 2009. On April 10, 2009, UNITE HERE! Local 2 ("Local 2") filed opposition to each motion, and defendant Bay Area Restaurant Group ("BARG") filed opposition to the motion in limine. On April 21, 2009, plaintiff filed two declarations in support of the motion in limine. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearings scheduled for May 1, 2009, and rules as follows.

### DISCUSSION

**A.    Motion in Limine**

      In her motion in limine, plaintiff requests, essentially, a preliminary injunction enjoining BARG from "the invocation" of certain policies "against [p]laintiff and all like situated workers" and ordering BARG to promulgate other policies. (See Mot. in Limine at 8-9.) A plaintiff seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008).

Here, to the extent plaintiff seeks preliminary injunctive relief on behalf of herself, plaintiff has failed to demonstrate she is likely to suffer irreparable injury in the absence of an injunction, and, consequently, plaintiff's motion in limine will be denied.  In particular, plaintiff has failed show she is likely to be terminated or disciplined "immediate[ly]" in the absence of an injunction, nor has plaintiff shown any such action would result in irreparable injury.  See Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (holding "a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief") (emphasis in original); Shegog v. Bd. of Educ., 194 F.3d 836, 839 (7th Cir. 1999) (holding "a temporary deprivation of employment does not inflict irreparable injury, and therefore does not justify a preliminary injunction").

To the extent plaintiff seeks preliminary injunctive relief on behalf of other similarly situated workers, the above-titled action is not a class action, nor has plaintiff asserted any basis on which she would have standing to seek relief on behalf of such workers, and, consequently, plaintiff's motion will be denied.

**B.     Motion for Admission**

In light of the Court's having vacated the hearing on plaintiff's motion in limine, plaintiff's motion for admission of William Henshall to the building in which the Court is located will be denied as moot.

### CONCLUSION

1. Plaintiff's motion in limine is hereby DENIED.

2. Plaintiff's motion for admission of William Henshall is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 28, 2009

_____
MAXINE M. CHESNEY
United States District Judge